FURR v McLEOD

Docket No. 310652. Submitted February 10, 2014, at Lansing. Decided
    April 10, 2014, at 9:00 a.m. Leave to appeal sought.
    Susan and William Furr brought an action in the Kalamazoo Circuit
    Court against Michael McLeod, M.D., Tara B. Mancl, M.D., and
    others, alleging medical malpractice. Plaintiffs served the health-
    care providers with a notice of intent to sue, but filed their
    complaint one day before the end of the applicable notice waiting
    period in MCL 600.2912b(1). Defendants moved for summary
    disposition, contending that the statutory limitations period was
    not tolled and barred the complaint. Plaintiffs contended that
    pursuant to *Zwiers v Growney*, 286 Mich App 38 (2009), the trial
    court could invoke MCL 600.2301 to ignore the defect, as long as
    doing so did not prejudice a substantial right of a party. The trial
    court, Alexander Lipsey, J., denied the motion for summary
    disposition on the basis that *Zwiers* applied. While the application
    was pending, the Michigan Supreme Court, in *Driver v Naini*, 490
    Mich 239 (2011), then clarified the role of *Burton v Reed City Hosp
    Corp*, 471 Mich 745 (2005), in medical malpractice disputes. In lieu
    of granting leave to appeal, the Court of Appeals remanded for the
    trial court to reconsider defendants' motion for summary disposi-
    tion in light of the Supreme Court's decisions in *Burton* and
    *Driver*. On remand, the trial court concluded that both *Driver* and
    *Burton* were distinguishable and, on the basis of *Zwiers*, again
    denied defendants' motion for summary disposition. Defendants'
    application for leave to appeal was then granted by the Court of
    Appeals. The lead opinion by Presiding Judge WHITBECK, released
    October 24, 2013, concluded that the Supreme Court's opinion in
    *Driver* overruled the Court of Appeals' interpretation of the effects
    of *Bush v Shabahang*, 484 Mich 156 (2009), in *Zwiers* and that
    *Tyra v Organ Procurement Agency of Mich*, 302 Mich App 208
    (2013), was incorrectly decided to the extent that it concluded that
    *Zwiers* continued to be valid law. Presiding Judge WHITBECK stated
    that *Zwiers* was applicable only because MCR 7.215(J) required
    the Court to follow *Tyra* and affirm the denial of summary
    disposition pursuant to *Zwiers*. Noting the conflict, the convening
    of a special panel to resolve the conflict was requested. Judge
    OWENS, concurring, agreed that the case was controlled by *Tyra*

and that the trial court's decision must be affirmed. He stated, however, that because *Tyra* was correctly decided, a conflict panel should not be convened. Judge M. J. KELLY, concurring, stated that *Tyra* was controlling and that, while not joining the analysis of the majority, he concurred with the result. Finally, he agreed that a conflict panel should be convened. The Court of Appeals then ordered that a special panel be convened to resolve the conflict with *Tyra* and that the opinions in this case released October 24, 2013, be vacated. *Furr v McLeod*, 303 Mich App 801 (2013).

After consideration by the special panel the Court of Appeals *held*:

There is a lack of clarity in the language of *Driver* to the degree that it cannot be held, with any level of confidence, that *Driver* overruled *Zwiers*. It is unclear whether the Supreme Court intended to preclude the application of MCL 600.2301 under any circumstances entailing a *Burton*-type situation in which a complaint is prematurely filed in relation to the statutory notice waiting period of MCL 600.2912b. Given the absence of a reference to *Zwiers* in *Driver*, the significant distinctions in the fact patterns, *Driver*'s lack of a precise assessment of the role of MCL 600.2301 when a complaint is prematurely filed under MCL 600.2912b, the plain and unambiguous text of MCL 600.2301 favoring application, especially in regard to a complaint filed one day early, and considering the language in *Driver* suggesting the appropriateness of examining and evaluating the particular facts of a case under MCL 600.2301, it cannot be held that *Driver* overruled *Zwiers* by implication. The order of the trial court denying defendants' motion for summary disposition is affirmed.

Affirmed.

Judge O'CONNELL joined by Judge TALBOT, dissenting, stated that the order of the trial court denying defendants' motion for summary disposition should be reversed for the reasons stated in the vacated lead opinion in *Furr* and the dissenting opinion of Presiding Judge WILDER in *Tyra*.

Judge METER, dissenting, joined Judge O'CONNELL's dissenting opinion, but wrote separately to point out that, while he was a member of the *Zwiers* panel and believes that *Zwiers* was a well-reasoned opinion, it must be acknowledged that *Driver* subsequently and implicitly overruled *Zwiers*.

PLEADINGS — AMENDMENTS — MEDICAL MALPRACTICE ACTIONS — DISREGARDING ERRORS AND DEFECTS.

The two sentences that comprise MCL 600.2301 can stand on their own; the first sentence addresses the amendment of any process, pleading, or proceeding during the pendency of an action or

proceeding; the second sentence mandates the outright disregard of any error or defect if to do so would not affect the substantial rights of the parties; the two sentences are not intended to be read coextensively; the language requiring a court to disregard any errors or defects if no substantial rights are affected reaches both content and noncontent errors or defects and necessarily includes statutory errors or defects; filing a medical malpractice complaint prematurely under MCL 600.2912b constitutes a statutory, procedural defect or error falling under the broad umbrella of "any error or defect in the proceedings" as provided in the second sentence of MCL 600.2301; the determination whether the filing of a medical malpractice complaint prematurely under MCL 600.2912b affected a defendant's substantial rights is a case-specific determination.

*Mark Granzotto, PC* (by *Mark Granzotto*), and *McKeen & Associates, PC* (by *Ramona C. Howard* and *Brian J. McKeen*), for plaintiffs.

*Smith Haughey Rice & Roegge* (by *Jon D. Vander Ploeg, Paul M. Oleniczak,* and *Stephanie C. Hoffer*) for defendants.

Before: MURPHY, C.J., and MARKEY, O'CONNELL, TALBOT, METER, BORRELLO, and BECKERING, JJ.

MURPHY, C.J. This Court convened a special panel pursuant to MCR 7.215(J) in order to resolve the conflict between the previous opinion issued in this case[1] and *Tyra v Organ Procurement Agency of Mich*, 302 Mich App 208; 840 NW2d 730 (2013). The conflict concerns whether our Supreme Court's opinion in *Driver v Naini*, 490 Mich 239; 802 NW2d 311 (2011), effectively overruled this Court's opinion in *Zwiers v Growney*, 286 Mich App 38; 778 NW2d 81 (2009), despite no express mention of *Zwiers*. The trial court

---

[1] The previous opinion in this case was vacated in its entirety pursuant to MCR 7.215(J)(5) in the order that convened this special panel. *Furr v McLeod*, 303 Mich App 801 (2013).

relied on *Zwiers* in denying defendants' motion for summary disposition, in this case where plaintiffs' medical malpractice complaint was filed one day before the end of the mandatory notice waiting period under MCL 600.2912b associated with the service of a notice of intent to file a claim (NOI). We conclude that there is a lack of clarity in the language of *Driver* to the degree that we simply cannot hold, with any level of confidence, that our Supreme Court overruled *Zwiers* or that it implicitly intended to do so. Indeed, there is language in *Driver* that can reasonably be interpreted as supporting the analytical framework set forth in *Zwiers*. Therefore, we are not prepared to rule that *Driver* effectively overruled *Zwiers* and leave the issue for a future definitive decision by the Michigan Supreme Court, should the Court have the opportunity and inclination to tackle the issue. Accordingly, we affirm the trial court's order denying summary disposition.

### I. OVERVIEW

The underlying substantive issue at the heart of the conflict concerns whether MCL 600.2301[2] can serve as the basis for a court to reject dismissal of a medical malpractice action that would otherwise result from the filing of a complaint before the expiration of the mandatory notice waiting period in MCL 600.2912b. In the context of that issue, the *Zwiers* panel held that if the criteria in MCL 600.2301 are satisfied, the statute can indeed be invoked to prevent the medical malpractice action from being summarily dismissed, whether by amendment of the complaint's filing date or the simple disregard of the defect. *Zwiers*, 286 Mich App at 52-53.

---

[2] MCL 600.2301 permits a court in the furtherance of justice to amend any proceeding or process and to disregard defects or errors when substantial rights are not affected.

In *Driver*, the Michigan Supreme Court held "that a plaintiff is not entitled [under MCL 600.2301] to amend an original NOI to add nonparty defendants so that the amended NOI relates back to the original filing for purposes of tolling the statute of limitations[.]" *Driver*, 490 Mich at 243. The majority in *Tyra* continued to recognize *Zwiers* as controlling precedent after the opinion in *Driver* was issued. *Tyra*, 302 Mich App at 223-227. In the lead opinion in the earlier *Furr* decision, it was expressed that *Driver* had effectively overruled *Zwiers*, that the Court was nevertheless bound by *Tyra*'s construction of *Driver* and its affect on *Zwiers*, that *Zwiers* therefore remained applicable, requiring affirmance of the trial court's ruling, and that *Tyra* was wrongly decided. *Furr v McLeod*, 303 Mich App 801 (2013).

For multiple reasons, we cannot confidently or with any measure of certainty conclude that *Driver* effectively overruled *Zwiers*. First, the *Driver* opinion, which was extremely thorough and detailed, never expressly mentioned *Zwiers*, despite the fact that *Zwiers*, a binding decision from this Court, specifically analyzed the interplay between *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005), *Bush v Shabahang*, 484 Mich 156; 772 NW2d 272 (2009), and MCL 600.2301—a topic discussed at length in *Driver*. Second, *Zwiers*, *Tyra*, and *Furr* addressed a fact pattern significantly different from that in *Driver*, because those cases merely involved a timely served NOI and a prematurely filed complaint and did not concern, as did *Driver*, service of an NOI on a nonparty defendant beyond the limitations period and an attempt to amend an earlier timely NOI to add the nonparty defendant. Indeed, *Driver* couched much of its discussion and analysis in the context of a plaintiff's seeking to add a nonparty defendant. See, e.g., *Driver*, 490 Mich at 255 ("In

addition, allowing a claimant to amend an original NOI to add nonparty defendants conflicts with . . . ."). Third, the *Driver* Court never *expressly* stated that MCL 600.2301 can never be applied to disregard or reject the dismissal of a prematurely filed medical malpractice complaint. Fourth, the Court in *Driver* actually applied the criteria in MCL 600.2301 to the facts presented and found that, under the circumstances, the statute would not support allowing an amendment. Fifth, to the extent that *Driver* might be construed to support the proposition that MCL 600.2301 only permits an amendment of a document's "content," which the lead opinion in *Furr* concluded, such a construction seems doubtful, given that MCL 600.2301 expressly authorizes a court to "amend any process, pleading or proceeding . . . , *either in form or substance*[.]" (Emphasis added.) Finally, in our view, the plain and unambiguous language of MCL 600.2301 would appear to mandate a court to disregard a premature filing under MCL 600.2912b if a defendant's substantial rights are unaffected.

In summation, we hold that the trial court did not err by applying *Zwiers* in denying defendants' motion for summary disposition.

## II. APPLICABLE STATUTORY PROVISIONS

To provide some context for our discussion, we begin by reviewing the statutory provisions implicated in this matter. MCL 600.2912b(1) provides:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

The notice period is shortened to 154 days or to 91 days in certain circumstances that are unnecessary to discuss for purposes of this opinion. MCL 600.2912b(3) and (8). The factual setting in *Zwiers*, *Tyra*, and in this case, *Furr*,[3] involved the filing of medical malpractice complaints before the NOI waiting period in MCL 600.2912b had expired. *Furr*, 303 Mich App at 808; *Tyra*, 302 Mich App at 211; *Zwiers*, 286 Mich App at 40-41. In each instance, there were prematurely filed complaints.

In general, a medical malpractice action must be commenced within two years of when the claim accrued or within six months after the plaintiff discovered or should have discovered the claim's existence, whichever is later. MCL 600.5838a(2); MCL 600.5805(1) and (6); *Driver*, 490 Mich at 249-250. MCL 600.5856(a) provides that a statute of limitations is tolled "[a]t the time the complaint is filed," assuming timely service of the summons and complaint under the court rules. Pursuant to MCL 600.5856(c), a statute of limitations is also tolled under the following circumstance:

> At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

"When a claimant files an NOI with time remaining on the applicable statute of limitations, that NOI tolls the statute of limitations for up to 182 days[.]" *Driver*, 490 Mich at 249. Finally, MCL 600.2301 provides:

---

[3] Hereafter, when we make reference to "Furr," it shall pertain to the lead opinion by Presiding Judge WHITBECK and the statements and rulings therein.

The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

The panels in *Zwiers*, *Tyra*, and *Furr* addressed the application of MCL 600.2301 relative to the prematurely filed complaints and the subsequent expiration of the period of limitations.

### III. EVOLUTION OF THE PERTINENT CASELAW

In *Burton*, 471 Mich 745, the plaintiff filed a medical malpractice complaint, along with an affidavit of merit, before the expiration of the notice waiting period in MCL 600.2912b(1). The Michigan Supreme Court identified the issue as being "whether a complaint alleging medical malpractice that is filed before the expiration of the notice period provided by MCL 600.2912b tolls the period of limitations." *Id.* at 747. The Court held that a medical malpractice complaint filed before the expiration of the applicable notice period does not toll the period of limitations. *Id.* The *Burton* Court explained:

The directive in § 2912b(1) that a person "shall not" commence a medical malpractice action until the expiration of the notice period is similar to the directive in [MCL 600.2912d(1)] that a plaintiff's attorney "shall file with the complaint an affidavit of merit . . . ." Each statute sets forth a prerequisite condition to the commencement of a medical malpractice lawsuit. The filing of a complaint before the expiration of the statutorily mandated notice period is no more effective to commence a lawsuit than the filing of a complaint without the required affidavit of merit. In each instance, the failure to comply with the statutory

requirement renders the complaint insufficient to commence the action. [*Id.* at 753-754 (omission in original).]

"[D]ismissal is an appropriate remedy for noncompliance with the notice provisions of MCL 600.2912b and . . . when a case is dismissed, the plaintiff must still comply with the applicable statute of limitations." *Id.* at 753. We emphasize that our Supreme Court in *Burton* did not indicate that the plaintiff presented an argument under MCL 600.2301, and the statute was not addressed by the Court in any form or fashion.

In *Bush*, the Supreme Court addressed the question whether a substantive defect in a timely served NOI "precludes the tolling of the statute of limitations on a plaintiff's medical malpractice claim." *Bush*, 484 Mich at 160. The *Bush* Court ruled:

> We hold that pursuant to MCL 600.5856(c), as amended by 2004 PA 87, effective April 22, 2004, when an NOI is timely, the statute of limitations is tolled despite defects contained therein. Moreover, in light of the legislative clarification of § 5856(c), we hold that the purpose of the NOI statute is better served by allowing for defects in NOIs to be addressed in light of § 2301, which permits "amendment" or "disregard" of "any error or defect" where the substantial rights of the parties are not affected, as long as the cure is in the furtherance of justice and on terms that are just. A cure is in the furtherance of justice when a party makes a good-faith attempt to comply with the content requirements of § 2912b. [*Id.* at 185.]

The *Bush* Court, in discussing MCL 600.2301 and the statute's references to the terms "process" and "proceeding," observed that "[s]ervice of an NOI is clearly part of a medical malpractice 'process' or 'proceeding' in Michigan." *Id.* at 176. The Court further explained that because "an NOI must be given before a medical malpractice claim can be filed, the service of an NOI is a part of a medical malpractice 'proceeding'" and

therefore MCL 600.2301 "applies to the NOI 'process.' "
*Id.* at 176-177. According to the Court, "the language of
§ 2301 goes beyond the limited concept of amendment
of 'pleadings' and allows for curing of certain defects in
any 'process, pleading or proceeding.' " *Id.* at 176. The
Court "h[e]ld that § 2301 may be employed to cure
defects in an NOI," as long as a plaintiff makes a
good-faith attempt to comply with the content require-
ments of MCL 600.2912b(4). *Id.* at 177-178.

In *Zwiers*, 286 Mich App at 39-40, this Court, refer-
ring to MCL 600.2301, *Burton*, and *Bush*, summed up
the nature of the case and its holding as follows:

> In this medical malpractice lawsuit, plaintiff appeals as
> of right the trial court's order granting summary disposi-
> tion in favor of defendants under MCR 2.116(C)(7). At
> issue is whether plaintiff's case was properly dismissed
> when she mistakenly filed her complaint and affidavit of
> merit 181 days after serving her . . . (NOI) on defendants,
> instead of commencing her action one day later or at least
> 182 days following service of the notice, as required by
> MCL 600.2912b(1). The trial court dismissed the action,
> ruling that the premature filing of the complaint and
> affidavit was ineffective to commence the action and that
> the period of limitations had subsequently expired. While
> *Burton* . . . , standing alone, would compel us to affirm,
> *Burton* did not address or consider MCL 600.2301, which,
> in the furtherance of justice, permits a court to amend any
> process or proceeding and to disregard any error or defect
> in the proceedings if substantial rights are not affected. In
> *Bush* . . . , our Supreme Court interpreted MCL 600.2301,
> determining that it was implicated and applicable with
> respect to compliance failures under the NOI statute, MCL
> 600.2912b. On the strength of MCL 600.2301 and *Bush*,
> and given plaintiff's good-faith effort to comply with the
> NOI statute, a failure to show that the legislative purpose
> behind enactment of the NOI statute was harmed or
> defeated, and given that defendants' substantial rights
> were not affected, we reverse and remand in the "further-
> ance of justice."

The *Zwiers* panel acknowledged "that *Bush* dealt with a violation or defect in regard to the NOI content requirements of § 2912b(4) and not a violation or defect in the proceedings arising out of § 2912b(1)." *Zwiers*, 286 Mich App at 49. This Court concluded, however, that the distinction did not preclude application of MCL 600.2301, reasoning as follows:

> *Bush* makes it abundantly clear that MCL 600.2301 is applicable to the entire NOI process and any compliance failures under the NOI statute. *Bush, supra* at 176-177 (service of an NOI is part of a medical malpractice proceeding and as a result "§ 2301 applies to the NOI 'process' "). The *Bush* Court stated that § 2301 goes beyond the amendment of pleadings and reaches defects in any process, pleading, or proceeding. *Id.* at 176. MCL 600.2301 expressly speaks of errors or defects in the proceedings, and it cannot reasonably be disputed that the premature filing of a complaint under § 2912b(1) constitutes an error or defect in the proceedings. MCL 600.2301 also addresses the power of amendment relative to process, pleadings, and proceedings, and the concept of "process" clearly encompasses the issuance of a summons, the filing of a complaint, service of the summons and complaint on a defendant, and the overall commencement of an action that compels a defendant to respond. See MCR 2.101 *et seq.* [*Id.* at 49-50.]

The *Zwiers* panel did not hold that *Burton* was no longer good law after *Bush* was issued.[4] After reciting the facts and holding in *Burton*, this Court stated in *Zwiers* that, on the basis of *Burton*, "when plaintiff here filed suit one day premature in violation of MCL 600.2912b(1), . . . she did not technically commence the medical malpractice action for purposes of the statute of limitations." *Zwiers*, 286 Mich App at 45.

---

[4] We disagree with the assessment in the lead opinion in Furr that the Zwiers panel "believed that the Michigan Supreme Court's unequivocal holding in Burton was no longer controlling law." Furr, 303 Mich App at 810.

And because the plaintiff did not effectively commence the action, "the clock on the two-year period of limitations resumed running and then expired." *Id.* at 45-46. However, because *Burton* did not address an argument under MCL 600.2301, the *Zwiers* panel engaged in an analysis of the statute, as guided by the *Bush* opinion. *Id.* at 46-52. In sum, the analysis in *Zwiers* first required a determination whether the medical malpractice action was indeed subject to summary dismissal under *Burton*. If *Burton* called for dismissal of the action, the analysis moved to contemplation of MCL 600.2301 in order to determine whether the action could nonetheless be resurrected through amendment or disregard of the underlying defect. And only upon satisfaction of the criteria in MCL 600.2301, as analyzed under the particular facts of a case, could the medical malpractice action continue, otherwise *Burton* compelled dismissal. *Zwiers*, 286 Mich App at 44-53.

Two years later, the Michigan Supreme Court issued the *Driver* decision, addressing the issue "whether a plaintiff is entitled to amend an original . . . (NOI) when adding a nonparty defendant to a pending action pursuant to this Court's holding in *Bush* . . . and MCL 600.2301 so that the amended NOI relates back to the original filing for purposes of tolling the statute of limitations." *Driver*, 490 Mich at 242-243. In *Driver*, the plaintiff filed a medical malpractice action against Dr. Mansoor Naini and Michigan Cardiology Associates, PC (MCA), alleging that Dr. Naini had failed to properly screen the plaintiff for colon cancer and that MCA was vicariously liable for Dr. Naini's malpractice. There was no dispute that the plaintiff sent an NOI to Dr. Naini and MCA in compliance with MCL 600.2912b(1) and that the plaintiff properly and timely filed suit after the expiration of the notice waiting period. *Id.* at 243-244. After Dr. Naini and MCA served a notice of nonparty at

fault on the plaintiff naming Cardiovascular Clinical
Associates, PC (CCA), as a potential defendant, the
plaintiff sent an NOI to CCA and filed a motion seeking
leave to file an amended complaint to add CCA as a
party defendant. The trial court granted the motion,
and an amended complaint was filed that added CCA as
a defendant. In regard to CCA, the 91-day notice
waiting period under MCL 600.2912b(3) applied, but
the amended complaint was filed only 49 days after
CCA was sent its NOI. *Id.* at 244. In *Driver*, "the
six-month discovery rule provide[d] the applicable limi-
tations period." *Id.* at 250. The plaintiff sent the NOI to
CCA *after* the six-month period of limitations had
already expired, making the NOI and the amended
complaint untimely with respect to the statute of limi-
tations period. *Id.* at 251. In part, the plaintiff argued
"that he should be permitted to amend his original NOI
pursuant to this Court's holding in *Bush* and MCL
600.2301 so that the NOI he sent to CCA relate[d] back
in time to his original NOI" that had been served on Dr.
Naini and MCA. *Id.* at 251-252.

The *Driver* Court stated that "the facts at issue do
not trigger application of MCL 600.2301." *Id.* at 253.
The Court quoted MCL 600.2301, emphasizing the
introductory language providing that it applies to
courts " '*in which any action or proceeding is pend-
ing.*' " *Driver*, 490 Mich at 253. The *Driver* Court ruled:

> By its plain language, MCL 600.2301 only applies to
> actions or proceedings that are *pending*. Here, plaintiff
> failed to commence an action against CCA before the
> six-month discovery period expired, and his claim was
> therefore barred by the statute of limitations. An action is
> not pending if it cannot be commenced . . . . In *Bush*,
> however, this Court explained that an NOI is part of a
> medical malpractice "proceeding." The Court explained
> that, "[s]*ince an NOI must be given before a medical*

*malpractice claim can be filed,* the service of an NOI is a
part of a medical malpractice 'proceeding.' As a result,
[MCL 600.2301] applies to the NOI 'process.' " Although
plaintiff gave CCA an NOI, he could not file a medical
malpractice claim against CCA because the six-month
discovery period had already expired. Service of the NOI on
CCA could not, then, have been part of any "proceeding"
against CCA because plaintiff's claim was already time-
barred when he sent the NOI. A proceeding cannot be
pending if it was time-barred at the outset. Therefore, MCL
600.2301 is inapplicable because there was no action or
proceeding pending against CCA in this case. [*Id.* at 254
(citations and some quotation marks omitted; alteration
and emphasis in original).]

Our Supreme Court did not stop at this point in
explaining why MCL 600.2301 was inapplicable; rather,
it proceeded to provide myriad additional reasons. At
this stage, we shall briefly summarize the Supreme
Court's additional reasoning and discussion. First, the
Court analyzed the particular facts of the case under
MCL 600.2301 and found that allowing amendment of
the original NOI so that the plaintiff could add CCA
would affect CCA's substantial rights and would not
further justice. *Driver*, 490 Mich at 254-255. Next, the
Court explained that "allowing a claimant to amend an
original NOI to add nonparty defendants conflicts" with
the NOI and NOI-waiting-period requirements of MCL
600.2912b. *Id.* at 255-256. The Court then reviewed the
facts and ruling in *Burton*, concluding that "[n]othing
in *Bush* altered our holding in *Burton*." *Id.* at 256-257.
The Court observed that *Bush* addressed the issue of an
NOI's failing "to comply with the *content* requirements
of MCL 600.2912b(4)[,]" whereas *Burton* concerned the
issue of a "failure to comply with . . . *notice-waiting-
period* requirements[.]" *Id.* at 257-258. The *Driver*
Court finally maintained that a plaintiff should not be
allowed to amend an original NOI to add a nonparty

defendant because "it would create a situation permitting endless joinder of nonparty defendants" and "defeat the very principles underlying limitations periods." *Id.* at 258-259. We shall examine the Court's reasoning in greater detail in the analysis section of this opinion.

Subsequently, this Court issued its opinion in *Tyra*, which concerned the filing of a medical malpractice complaint 112 days after notices of intent were sent to the defendants "instead of . . . 182 days or more as required by statute, MCL 600.2912b(1)." *Tyra*, 302 Mich App at 210. After addressing a waiver issue, the opinion of the Court in *Tyra* discussed *Burton*, and although it expressed some criticism of the analysis in *Burton*, the Court acknowledged that *Burton* was binding precedent, especially considering the reaffirmance of *Burton* in *Driver*. *Id.* at 222-223. The opinion of the Court in *Tyra* then moved to a discussion of *Zwiers*, followed by an examination of *Driver*'s affect on the application of MCL 600.2301. *Id.* at 223-224. The opinion of the Court observed:

> In *Driver*, 490 Mich at 254, our Supreme Court explained that "MCL 600.2301 only applies to actions or proceedings that are *pending*." Although an untimely complaint cannot commence an *action*, the *proceedings* here are underway. In *Driver*, the plaintiffs were barred from the initial step of the proceedings of filing the notice of intent, whereas here, there is no dispute that the notice of intent was proper. The dissent apparently concludes that MCL 600.2301 cannot apply because no *action* was underway. We disagree: MCL 600.2301 cannot be used to create a filing out of whole cloth, but no such bootstrapping would occur here, where all the requisite documents actually exist. In any event, MCL 600.2301 merely affords plaintiff the opportunity to make an argument. We see no value in attempting, on this record, to determine whether defendants' substantial rights would truly be invaded if they are ultimately required to address the merits of the claim

instead of relying on legal technicalities to avoid doing so. As we discuss, whether 'amendment would further the interests of justice or prejudice defendants is a question to be put to the trial court's discretion on remand. [*Tyra*, 302 Mich App at 224-225.]

The Court then engaged in an examination of the criteria in MCL 600.2301, concluding "that on the basis of both *Zwiers* and the purpose behind MCL 600.2301, the trial court erred by failing to at least consider the possibility of allowing plaintiff to amend her complaint and afford plaintiff the opportunity to present an argument." *Id.* at 225-226. Accordingly, the Court in *Tyra* was of the view that the decision in *Zwiers* remained good law following *Driver*.

Finally, the *Furr* opinion was issued. The facts in *Furr* indicated that while undergoing a recommended total thyroidectomy, Susan "Furr's left recurrent laryngeal nerve was transected[,]" and the following day it was "discovered that she had 'bilateral true vocal cord paralysis.' " *Furr*, 303 Mich App at 802. The plaintiffs, Susan and William Furr, served the defendant healthcare providers with a notice of intent and, as in *Zwiers*, the Furrs "filed their complaint one day before the end of the applicable 182-day notice waiting period." *Id.* at 808. The trial court denied the healthcare providers' motion for summary disposition on the basis of *Zwiers*. *Id.* at 803. The lead opinion in *Furr* set forth the conclusion that *Driver* had overruled *Zwiers* and that *Tyra* was therefore incorrectly decided. *Id.* at 808-809. Citing *Driver*, 490 Mich at 252, the lead opinion further indicated that "a plaintiff may only invoke MCL 600.2301 to correct a defective *content* requirement in the notice of intent." *Id.* at 809. Additionally, it was asserted in the *Furr* lead opinion that the *Zwiers* panel "believed that the Michigan Supreme Court's unequivocal holding in *Burton* was no longer controlling law[;]"

however, *Driver* clearly established that *Burton* remained good law and that nothing in *Bush* altered *Burton. Id.* at 810. Nevertheless, given *Tyra*'s interpretation of *Driver* and *Zwiers*, the *Furr* panel determined that it was compelled under MCR 7.215(J) to affirm the trial court's denial of summary disposition pursuant to *Zwiers. Id.* at 801-802. This Court requested the convening of a special panel to resolve the conflict. *Id.* at 802.

### IV. ANALYSIS

We are called upon to determine whether our Supreme Court's decision in *Driver* effectively overruled this Court's decision in *Zwiers*. Resolving the issue requires examination of whether the discussion in *Driver* was sufficiently broad so as to definitively preclude the application of MCL 600.2301 under any circumstances entailing a *Burton*-type situation in which a complaint is prematurely filed in regard to the statutory notice waiting period of MCL 600.2912b.

In *Sumner v Gen Motors Corp (On Remand)*, 245 Mich App 653, 664; 633 NW2d 1 (2001), this Court, quoting *Black's Law Dictionary* (6th ed), p 1104, explained the concept of overruling a decision:

> "A judicial decision is said to be overruled when a later decision, rendered by the same court or by a superior court in the same system, expresses a judgment upon the same question of law directly opposite to that which was before given, thereby depriving the earlier opinion of all authority as a precedent." [Emphasis omitted.]

The first reason offered by the Court in *Driver* not to extend MCL 600.2301 to allow the amendment of an original NOI to add a nonparty defendant was the absence of a pending proceeding or action as required by § 2301. *Driver*, 490 Mich at 253-254. As quoted

earlier in this opinion, and relative to the language the *Tyra* Court seized upon as a basis to continue honoring *Zwiers*, the *Driver* Court observed:

> By its plain language, MCL 600.2301 only applies to actions or proceedings that are *pending*. Here, plaintiff failed to commence an action against CCA before the six-month discovery period expired, and his claim was therefore barred by the statute of limitations. An action is not pending if it cannot be commenced . . . . In *Bush*, however, this Court explained that an NOI is part of a medical malpractice "proceeding." The Court explained that, "[s]*ince an NOI must be given before a medical malpractice claim can be filed*, the service of an NOI is a part of a medical malpractice 'proceeding.' As a result, [MCL 600.2301] applies to the NOI 'process.' " Although plaintiff gave CCA an NOI, he could not file a medical malpractice claim against CCA because the six-month discovery period had already expired. Service of the NOI on CCA could not, then, have been part of any "proceeding" against CCA because plaintiff's claim was already time-barred when he sent the NOI. A proceeding cannot be pending if it was time-barred at the outset. Therefore, MCL 600.2301 is inapplicable because there was no action or proceeding pending against CCA in this case. [*Driver*, 490 Mich at 254 (citations and some quotation marks omitted; alteration in original).]

In *Zwiers*, *Tyra*, and *Furr*, however, the NOIs were timely served on the defendants, so while *actions* had not been commenced because of the premature filing of complaints and no *actions* were therefore pending for purposes of MCL 600.2301, *proceedings* had been commenced given the timely NOIs and *proceedings* were therefore pending. *Furr*, 303 Mich App at 802-803; *Tyra*, 302 Mich App at 211; *Zwiers*, 286 Mich App at 40. MCL 600.2301 speaks of a pending "action *or* proceeding." (Emphasis added.) Given the timely served NOIs, *Zwiers*, *Tyra*, and *Furr* were not time-barred by the statute of limitations at the outset, as in *Driver*. It

appears that the majority in *Tyra* relied exclusively on the distinction between a pending action and a pending proceeding in determining that MCL 600.2301 remained potentially applicable despite *Driver*. *Tyra*, 302 Mich App at 224-225.

The *Driver* Court next provided the following argument with respect to why MCL 600.2301 could not save the plaintiff's action:

> Moreover, amendment of the original NOI to allow plaintiff to add CCA would not be for the furtherance of justice and would affect CCA's substantial rights. Every defendant in a medical malpractice suit is entitled to a timely NOI. The legislative purpose behind the notice requirement was to provide a mechanism for promoting settlement without the need for formal litigation, reducing the cost of medical malpractice litigation, and providing compensation for meritorious medical malpractice claims that would otherwise be precluded from recovery because of litigation costs[.] Applying MCL 600.2301 in the present case would deprive CCA of its statutory right to a timely NOI followed by the appropriate notice waiting period, and CCA would be denied an opportunity to consider settlement. CCA would also be denied its right to a statute-of-limitations defense. These outcomes are plainly contrary to, and would not be in furtherance of, the Legislature's intent in enacting MCL 600.2912b. [*Driver*, 490 Mich at 254-255 (quotation marks and citations omitted).]

This particular paragraph is quite interesting and belies a conclusion that *Zwiers* was effectively overruled by *Driver*. It reflects the Supreme Court's *actually engaging in an examination and evaluation of the criteria in MCL 600.2301*, finding that, in regard to possible amendment of the original NOI to add CCA, justice would not be furthered and CCA's substantial rights would be affected, especially considering the expiration of the statute of limitations period before the NOI was served on CCA. The *Zwiers* panel also exam-

ined and evaluated the criteria in MCL 600.2301, merely coming to a different conclusion concerning the furtherance of justice and substantial rights. *Zwiers*, 286 Mich App at 51-53. Again, *Zwiers* addressed a much different fact pattern, where the NOI was served and the complaint was filed within the applicable statute of limitations period, and where the complaint was only one day premature. The *Zwiers* panel did not rule that MCL 600.2301 was always applicable to save a case from a *Burton*-based dismissal; the issue was instead fact-sensitive. The above-quoted paragraph from *Driver* does indicate that if MCL 600.2301 were applied, CCA would be deprived of a statute of limitations defense. There is, however, a significant difference between a plaintiff's attempting by way of MCL 600.2301 to bring a defendant into a medical malpractice suit for the first time after failing to file a complaint or to even serve the NOI itself before expiration of the applicable limitations period, as in *Driver*, and a plaintiff's using MCL 600.2301 to preserve an action where the NOI was served and the complaint was filed *within the statute of limitations period*, as in *Zwiers*, thereby negating concerns of a defendant losing the protections afforded by the statute of limitations. In the latter situation, it is the defendant's own strategic decision to surreptitiously await the expiration of the statute of limitations period as caused by the absence of tolling, unbeknownst to the plaintiff, before moving for dismissal.

The *Driver* Court, in its continuing analysis and explanation of the shortcomings of allowing application of MCL 600.2301 to save the medical malpractice action against CCA, further stated:

> In addition, allowing a claimant to amend an original NOI to add nonparty defendants conflicts with the statu-

tory requirements that govern the commencement of a
medical malpractice action and tolling of the statute of
limitations. . . .

We have construed [MCL 600.2912b(1)] as containing a
dual requirement: A plaintiff must (1) submit an NOI to
*every* health professional or health facility before filing a
complaint and (2) wait the applicable notice waiting period
with respect to each defendant before he or she can
commence an action. A plaintiff has the burden of ensuring
compliance with these mandates. With regard to the re-
quirement that a plaintiff provide every defendant an NOI
during the applicable limitations period before filing a
complaint, nothing in *Bush* eliminates this requirement.
Permitting amendment to add time-barred nonparty defen-
dants to an original NOI on the basis of *Bush* would render
the NOI requirement meaningless and the provision per-
taining to nonparty defendants, MCL 600.2912b(3), nuga-
tory. [*Driver*, 490 Mich at 255-256 (citations omitted).]

This passage is couched in terms of the prospect of
allowing amendment of an original NOI to add a
time-barred nonparty defendant, which, again, does not
fit the fact pattern in *Zwiers*, *Tyra*, and *Furr*, where the
NOIs were timely served in relation to the statute of
limitations and the actions were not time-barred at the
outset. The *Driver* Court next stated:

Nor does *Bush* compel the conclusion that a plaintiff can
add a nonparty defendant and avoid compliance with the
notice waiting period by simply amending the original NOI.
As we explained in *Burton*, when a plaintiff fails to strictly
comply with the notice waiting period under MCL
600.2912b, his or her prematurely filed complaint fails to
commence an action that tolls the statute of limita-
tions . . . . [T]he significance of *Burton* is that a plaintiff
cannot commence an action that tolls the statute of limi-
tations against a particular defendant until the plaintiff
complies with the notice-waiting-period requirements of
MCL 600.2912b.

> Nothing in *Bush* altered our holding in *Burton*. The
> central issue in *Bush* involved the effect an NOI had on
> tolling when the NOI failed to comply with the *content*
> requirements of MCL 600.2912b(4). The central issue in
> *Burton* involved the effect the plaintiff's failure to comply
> with the *notice-waiting-period* requirements had on tolling.
> Indeed, the *Bush* Court repeatedly emphasized that the
> focus of MCL 600.5856(c) is compliance with the notice
> waiting period set forth in MCL 600.2912b. In contrast to
> placing doubt on the viability of *Burton*, this aspect of *Bush*
> aligned with *Burton*'s holding that a plaintiff must comply
> with the notice waiting period to ensure the complaint tolls
> the statute of limitations. [*Driver*, 490 Mich at 256-258
> (citations omitted).]

Comparable to the other aspects of the reasoning in
*Driver*, this passage, addressing the notice waiting
period, is again framed in the context of a plaintiff's
seeking to amend an original NOI to add a nonparty
defendant, which, as we have emphasized, is easily
distinguishable from the circumstances in *Zwiers*, *Tyra*,
and *Furr*. It is important to accurately grasp what the
plaintiff was attempting to accomplish in *Driver*. After a
lawsuit against CCA had become time-barred, the plain-
tiff served an NOI for the first time on CCA and then
prematurely filed an amended complaint adding CCA,
with the plaintiff then seeking, under MCL 600.2301, to
tie CCA to an earlier, timely NOI that only identified
and had been solely served on defendants other than
CCA. *Driver*, 490 Mich at 243-252. Had the Court
allowed the plaintiff to so apply MCL 600.2301, the door
would have been opened to plaintiffs in litigation to
endlessly add defendants, otherwise protected by the
statute of limitations from the outset, and to deprive
those defendants of not only a timely served NOI, but to
also *entirely* deprive them of any notice waiting period
*whatsoever*. The focus of *Driver* was not on the fact that
the amended complaint adding CCA was filed only 49

days after the untimely NOI; rather, the focus was on the fact that the NOI was untimely to begin with, falling outside the statute of limitations period. The *Driver* Court's emphasis on distinguishing *Bush* must be read in that context. The concern in *Driver*, i.e., time-barred NOIs and an unending parade of wholly unprotected potential defendants, was simply not a problem in *Zwiers*, *Tyra*, and *Furr*.

Moreover, nowhere in the *Driver* opinion did the Court expressly state that MCL 600.2301 can never be applied in a *Burton* situation where a complaint was prematurely filed under MCL 600.2912b. And the *Driver* Court made no mention of *Zwiers*, even though the *Zwiers* panel engaged in a discussion regarding the interplay between *Burton*, *Bush*, and MCL 600.2301. Furthermore, *Zwiers* did not hold that *Burton* was overruled or altered by *Bush*, nor that *Burton* was no longer good law.

The last-quoted passage from *Driver* was interpreted in *Furr*'s lead opinion to mean that only content-based amendments are permitted under MCL 600.2301. *Furr*, 303 Mich App at 809. However, the *Driver* Court did not so state, and it clearly was still engaged in simply distinguishing *Bush* itself, not unraveling the parameters of MCL 600.2301. Moreover, and importantly, to reach such a conclusion, one would have to believe that the Supreme Court was wholly unaware of or failed to appreciate the plain and unambiguous language in MCL 600.2301, which empowers a court to amend any process, pleading, or proceeding "either in form *or* substance[.]" (Emphasis added.) It cannot reasonably be disputed that substance equates to content. *Random House Webster's College Dictionary* (2001), p 289 (definition of "content" includes "substantive information"). And an amendment with regard to "form" is not

an amendment of "content." It would appear to defy logic, therefore, to construe *Driver* as indicating that only content-based amendments are permissible under MCL 600.2301.

Under these circumstances, in which more questions than answers arise in contemplating whether the language in *Driver* effectively overruled *Zwiers*, we are simply not prepared to conclude that the *Driver* Court implicitly intended to overrule *Zwiers*, nor that it effectively did overrule *Zwiers*. There is an absence of clarity on the issue, and binding precedent from this Court, such as *Zwiers*, should not be relegated to the scrapheap of overruled opinions on the basis of speculation regarding our Supreme Court's intent with respect to whether the precedent was overruled.

Finally, in our view, the plain and unambiguous language of MCL 600.2301 would appear to mandate a court to disregard a premature filing under MCL 600.2912b if a defendant's substantial rights are unaffected.

In *Whitman v City of Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013), our Supreme Court recited the well-established principles of statutory interpretation:

> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory. Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent. [Citations omitted.]

The language in MCL 600.2301 is plain and unambiguous, providing, once again, as follows:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. *The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.* [Emphasis added.]

In our opinion, each of the two sentences comprising MCL 600.2301 can stand on its own. The first sentence addresses the *amendment* of any process, pleading, or proceeding during the pendency of an action or proceeding. The second sentence of the statute does not speak of amending an error or defect; rather, it mandates the outright *disregard* of any error or defect if to do so would not affect the substantial rights of the parties. See *Burton*, 471 Mich at 752 ("use of the word 'shall' indicates a mandatory and imperative directive"). Indeed, the two sentences in § 2301 were clearly never intended to be read coextensively, given that the amendment power described in the first sentence can only be invoked "before judgment [is] rendered[,]" while the authority to disregard an error or defect described in the second sentence can be invoked "at every stage of the action or proceeding," which would necessarily include judgment and postjudgment stages. If, for example, there was an error or defect in postjudgment proceedings that did not affect substantial rights, the second sentence of MCL 600.2301 would, beyond question, require a court to disregard the error or defect; the criteria in the first sentence of § 2301, including the furtherance-of-justice provision, *could not* be taken into consideration. And even if a court was prepared to disregard an error or defect occurring during a phase of

the proceedings covered by both sentences in MCL 600.2301, imposing any requirements or restrictions found in the first sentence before allowing the court to disregard the error or defect would entirely circumvent and undermine the plain and unambiguous language of the second sentence of § 2301. By way of further example, if an inconsequential error or defect did not pertain to "form or substance," which quoted language is found in the first sentence of the statute, a court's refusal to disregard the error or defect because it did not concern "form or substance" would negate the plain and unambiguous mandate of sentence two. Accordingly, the second sentence of MCL 600.2301 necessarily stands on its own. It reflects a legislative mandate to the courts of this state to essentially employ equity by disregarding harmless errors or defects.[5]

Our construction of MCL 600.2301 is consistent with earlier Supreme Court precedent, which emphasized that the statute " 'aims to abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties.' " *Gratiot Lumber & Coal Co v Lubinski*, 309 Mich 662, 668-669; 16 NW2d 112 (1944), quoting *M M Gantz Co v Alexander*, 258 Mich 695, 697; 242 NW 813 (1932).

The language in MCL 600.2301 requiring a court to disregard "any" errors or defects if no substantial rights are affected plainly and unambiguously reaches both

---

[5] The fact that the catch line heading of MCL 600.2301 only alludes to "Amendment of process or pleadings before judgment" does not alter our conclusion. The catch line heading of a statutory section "shall in no way be deemed to be a part of the section or the statute, or be used to construe the section more broadly or narrowly than the text of the section would indicate, but shall be deemed to be inserted for purposes of convenience to persons using publications of the statutes." MCL 8.4b; see Robinson v City of Lansing, 486 Mich 1, 10 n 8; 782 NW2d 171 (2010).

content and noncontent errors or defects, as the term "any" is all-inclusive. See *People v Lively*, 470 Mich 248, 253; 680 NW2d 878 (2004) (Use of the term "any" by the Legislature "casts a wide net and encompasses a wide range of things."). There is nothing in the language of the second sentence of § 2301 even hinting at restricting the error or defect to only those errors or defects that relate to content. And any such limitation or restriction placed on the construction of MCL 600.2301 would entail grafting language to the statute that simply does not exist; "any" means "any." See *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002) ("[A] court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself."). For that very same reason, the spectrum of errors or defects enveloped by MCL 600.2301 necessarily includes *statutory* errors or defects. Filing a medical malpractice complaint prematurely under MCL 600.2912b falls under the broad umbrella of "any error or defect in the proceedings"—it constitutes a statutory, procedural defect or error. Concluding otherwise would reflect a wholesale failure to recognize, appreciate, and honor the plain and unambiguous language of MCL 600.2301. And with a timely served NOI, a court's act of invoking MCL 600.2301 to disregard the § 2912b error or defect would occur during a "stage of the . . . proceeding."[6]

The only other pertinent question that arises under the second sentence of MCL 600.2301 is whether the

---

[6] Both the Bush and the Driver Courts accepted that the "service of an NOI is a part of a medical malpractice proceeding." Driver, 490 Mich at 254, quoting Bush, 484 Mich at 176-177 (emphasis added; quotation marks omitted). Moreover, in our view, it would strain the English language to find that there were no ongoing proceedings in Zwiers, Tyra, and Furr.

failure to comply with the notice-waiting-period provisions in MCL 600.2912b will always affect a medical malpractice defendant's substantial rights, so that § 2301 can never be employed to disregard the error or defect. Generally speaking, an error or defect affects substantial rights when a party incurs prejudice. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999); see also *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008); *Black's Law Dictionary* (7th ed), p 1324 (A "substantial right" is "[a]n essential right that potentially affects the outcome of a lawsuit and is capable of legal enforcement and protection, as distinguished from a mere technical or procedural right."); *DeCosta v Gossage*, 486 Mich 116, 138; 782 NW2d 734 (2010) (MARKMAN, J., dissenting) (applying *Carines* and the definition in *Black's Law Dictionary* in defining "substantial rights" as used in MCL 600.2301). The second sentence in MCL 600.2301 requires a court to ask whether the error or defect affects substantial rights. The issue boils down to whether the party was deprived of any consequential legal benefit or opportunity or was otherwise harmed because of the error or defect.

"The legislative purpose behind the notice requirement was to provide a mechanism for promoting settlement without the need for formal litigation, reducing the cost of medical malpractice litigation, and providing compensation for meritorious medical malpractice claims that would otherwise be precluded from recovery because of litigation costs . . . ." *Driver*, 490 Mich at 254-255 (quotation marks and citations omitted). We fail to see how every premature filing under MCL 600.2912b would affect a defendant's substantial rights with respect to attempts at settlement and keeping costs at bay, especially in a situation where, as in *Zwiers* and *Furr*, the mistaken filing occurred one day short of

the applicable 182-day period and there were no ongoing settlement negotiations. *Furr*, 303 Mich App at 808; *Zwiers*, 286 Mich App at 50-51. Indeed, the lead opinion in *Furr* conceded that, under the facts presented, application of MCL 600.2301 and *Zwiers* supported the trial court's ruling denying defendants' motion for summary disposition, and we agree with that assessment. *Furr*, 303 Mich App at 808. The issue whether substantial rights are affected in relationship to the purpose behind NOIs can only be case-specific.

Additionally, in the context of the second sentence of MCL 600.2301 and the fact pattern in *Zwiers*, a defendant is not truly deprived of a statute of limitations defense because of the error or defect, i.e., the premature filing of a medical malpractice complaint, given that the period of limitations would not yet have elapsed at the time of the defect or error. Further, it cannot reasonably be maintained that every statutory error or defect necessarily affects a party's *substantial* rights; some statutory errors or defects will simply not result in any prejudice. It is necessary to examine the nature of a statutory error or defect and the legislative goal of a statute in order to determine whether a particular statutory violation affects a party's substantial rights. MCL 600.2301 does not state that it precludes a court from disregarding errors or defects that affect *statutory* rights, and to conclude otherwise requires reading language into the statute that does not exist. Moreover, such a construction would conflict with the language in MCL 600.2301 allowing a court to disregard "any" errors or defects, which would encompass statutory errors or defects, where the only errors or defects that cannot be disregarded are those that result in prejudice to a party. In sum, the plain and unambiguous language of MCL 600.2301 would strongly suggest that *Zwiers* was correctly decided.

### V. CONCLUSION

We cannot discern with any certitude whether the *Driver* Court effectively overruled *Zwiers*. It is simply unclear whether our Supreme Court intended to preclude the application of MCL 600.2301 under any circumstances entailing a *Burton*-type situation in which a complaint is prematurely filed in relation to the statutory notice waiting period of MCL 600.2912b. Had that been the Court's intent, it would have been rather easy to make that pronouncement in definitive fashion. Given the absence of a reference to *Zwiers* in *Driver*, the significant distinctions in the fact patterns, *Driver*'s lack of a precise assessment of the role of MCL 600.2301 when a complaint is prematurely filed under MCL 600.2912b, the plain and unambiguous text of MCL 600.2301 favoring application, especially in regard to a complaint filed *one day early*, and considering the language in *Driver* suggesting the appropriateness of examining and evaluating the particular facts of a case under MCL 600.2301, we are not prepared to hold that *Driver* overruled *Zwiers* by implication. Instead, the sound legal course for this Court is to leave the issue for a future definitive decision by the Michigan Supreme Court, should the Court have the opportunity and inclination to address the matter. Accordingly, we affirm the trial court's order denying summary disposition.

Affirmed. We decline to award taxable costs pursuant to our discretion under MCR 7.219.

MARKEY, BORRELLO, and BECKERING, JJ., concurred with MURPHY, C.J.

O'CONNELL, J. (*dissenting*). We respectfully dissent. We would reverse the trial court's order, for the reasons

stated in the vacated lead opinion in *Furr v McLeod*, 303 Mich App 801, 810-811 (2013), and the reasons similarly stated in the dissenting opinion in *Tyra v Organ Procurement Agency of Mich*, 302 Mich App 208, 230-231; 840 NW2d 730 (2013) (WILDER, P.J., dissenting).

TALBOT, J., concurred with O'CONNELL, J.

METER, J. (*dissenting*). I join in Judge O'CONNELL's dissenting opinion but write separately to point out that while I was a member of the panel that decided *Zwiers v Growney*, 286 Mich App 38; 778 NW2d 81 (2009), and I believe that *Zwiers* was a well-reasoned opinion, I acknowledge that *Driver v Naini*, 490 Mich 239; 802 NW2d 311 (2011), subsequently and implicitly overruled it.