# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

### TYRA v ORGAN PROCUREMENT AGENCY OF MICHIGAN
### FURR v McLEOD

Docket Nos. 148079, 148087, and 149344. Argued May 5, 2015. Decided July 22, 2015.

Lisa Tyra filed an action against Organ Procurement Agency of Michigan (Organ Procurement); Steven Cohn, M.D., and William Beaumont Hospital (the Beaumont defendants); Dillip Samara Pungavan, M.D.; and John Doe in the Oakland Circuit Court, alleging medical malpractice after she suffered complications following a kidney transplant. Tyra sent a notice of intent to sue (NOI) to defendants under MCL 600.2912b, and filed her complaint 112 days later, rather than waiting the 182 days required by MCL 600.2912b(1). Pungavan and Doe were dismissed from the action. Organ Procurement and the Beaumont defendants moved for summary disposition, claiming that the action should be dismissed with prejudice because Tyra had prematurely filed her complaint and the limitations period had expired so it could not be refiled. Tyra argued that defendants had waived the notice-period affirmative defense because their responsive pleadings had failed to put her on notice that she had not complied with the requirement. The court, Nanci J. Grant, J., granted summary disposition in favor of Organ Procurement and the Beaumont defendants, concluding that their failure to provide detailed facts concerning the affirmative defense did not waive the notice-period defense and the prematurely filed complaint failed to toll the running of the limitations period, which had since expired so that Tyra could not cure the notice-period error by refiling the complaint. Tyra appealed. The Court of Appeals, RONAYNE KRAUSE and STEPHENS, JJ. (WILDER, P.J., dissenting), reversed, holding that the trial court had discretion under MCL 600.2301 to allow Tyra to amend the filing date of her complaint. 302 Mich App 208 (2013). Organ Procurement (Docket No. 148079) and the Beaumont defendants (Docket No. 148087) both sought leave to appeal. The Supreme Court ordered and heard oral argument on whether to grant the applications or take other peremptory action. 497 Mich 909, 910 (2014).

Susan and William Furr brought a medical malpractice action in the Kalamazoo Circuit Court against Michael McLeod, M.D., Tara B. Mancl, M.D., and others, alleging that Susan had suffered nerve damage during surgery. The Furrs served the healthcare providers with an NOI, but filed their complaint before the end of the applicable notice period set forth in MCL 600.2912b. The *Furr* defendants moved for summary disposition, contending that the running of the statutory limitations period had not been tolled by the filing of the premature complaint and the action was now barred. The Furrs contended that pursuant to *Zwiers v Growney*, 286 Mich App 38 (2009), the court could invoke MCL 600.2301 to ignore the premature filing, as long as

doing so did not prejudice a substantial right of a party. The court, Alexander Lipsey, J., denied the motion for summary disposition. The *Furr* defendants sought leave to appeal. While the application was pending, the Michigan Supreme Court, in *Driver v Naini*, 490 Mich 239 (2011), clarified the role of *Burton v Reed City Hosp Corp*, 471 Mich 745 (2005), in medical malpractice disputes. In lieu of granting leave to appeal, the Court of Appeals remanded for the trial court to reconsider defendants' motion for summary disposition in light of the Supreme Court's decisions in *Burton* and *Driver*. On remand, the trial court concluded that both *Driver* and *Burton* were distinguishable and, on the basis of *Zwiers*, again denied defendants' motion for summary disposition. Defendants' application for leave to appeal was then granted by the Court of Appeals. The lead opinion by Presiding Judge WHITBECK, released October 24, 2013, concluded that the Supreme Court's opinion in *Driver* overruled the Court of Appeals' interpretation of the effects of *Bush v Shabahang*, 484 Mich 156 (2009), in *Zwiers* and that *Tyra*, 302 Mich App 208, was incorrectly decided to the extent that it concluded that *Zwiers* continued to be valid law. Presiding Judge WHITBECK stated that *Zwiers* was applicable only because MCR 7.215(J) required the Court to follow *Tyra* and affirm the denial of summary disposition. Noting the conflict, he requested that a special panel be convened to resolve the issue. Judge OWENS, concurring, agreed that the case was controlled by *Tyra* and that the trial court's decision must be affirmed. He stated, however, that because *Tyra* was correctly decided, a conflict panel should not be convened. Judge M. J. KELLY, concurring, agreed that *Tyra* was controlling and that a conflict panel should be convened, although he disagreed with the analysis in the lead opinion. The Court of Appeals then ordered that a special panel be convened to resolve the conflict with *Tyra* and that the opinions in *Furr* released October 24, 2013, be vacated. 303 Mich App 801 (2013). The conflict panel, MURPHY, C.J., and MARKEY, BORRELLO, and BECKERING, JJ. (O'CONNELL, TALBOT, and METER, JJ., dissenting), affirmed the decision of the trial court, concluding that there was no clear language in *Driver* overruling *Zwiers*. The *Furr* defendants sought leave to appeal (Docket No. 149344). The Supreme Court ordered and heard oral argument on whether to grant the application or take other peremptory action. 497 Mich 910 (2014).

In an opinion by Justice MARKMAN, joined by Chief Justice YOUNG and Justices KELLY and ZAHRA, the Supreme Court *held*:

*Driver* and *Zwiers* are clearly inconsistent, and *Driver* controls over *Zwiers*. Plaintiffs' filing of their complaints before the expiration of the notice period did not commence their actions or toll the running of the limitations period. And MCL 600.2301 cannot save plaintiffs' actions because MCL 600.2301 only applies to pending actions or proceedings and there never were pending actions in these cases because plaintiffs' complaints, filed before the notice period expired, could not commence an action. Even assuming that there were pending proceedings at the time plaintiffs filed their NOIs, the proceedings were no longer pending when the trial courts ruled on defendants' motions for summary disposition because the limitations periods had expired by that time and a proceeding cannot be pending if it is time-barred.

1. MCL 600.2912b(1) requires that the plaintiff in a medical malpractice action give the defendant written notice of the plaintiff's intent to sue before commencing the action. After providing this NOI, the plaintiff must wait for the applicable notice period, usually 182 days, to pass before filing the action. A claimant normally has two years from the time his or her claim

accrues to file suit, but, under MCL 600.5856(c), the running of the limitations period is tolled during the notice period. Under MCL 600.5856(a), the filing of a medical malpractice complaint with the required affidavit of merit after the notice period has elapsed also tolls the running of the limitations period. The Supreme Court held in *Burton* that a complaint filed before the expiration of the notice period does not toll the running of the limitations period. In *Bush*, the Supreme Court held that a timely NOI will toll the running of the limitations period even if it contains content defects, and that MCL 600.2301 may be used to cure content defects in an NOI if the substantial rights of the parties are not affected and the cure is in the furtherance of justice. In *Zwiers*, the Court of Appeals held, relying on *Bush*, that the filing of a complaint one day before the notice period expired did not affect the defendants' substantial rights and that MCL 600.2301 could be used to reinstate the plaintiff's case. In *Driver*, the Supreme Court held that a plaintiff is not entitled to amend an NOI to add nonparty defendants so that the amended NOI relates back to the original filing for purposes of tolling the statute of limitations. *Driver* emphasized that under *Bush* an NOI must be timely filed, that *Bush* only held that MCL 600.2301 can be applied when an NOI fails to meet all the content requirements under MCL 600.2912b(4), and that MCL 600.2301 only applies to pending actions or proceedings. While *Zwiers* held that *Bush* altered the Court's holding in *Burton*, *Driver* held that nothing in *Bush* altered the Court's holding in *Burton*. *Zwiers* was thus overruled by *Driver*. Therefore, in these cases, plaintiffs' filing of their complaints before the expiration of the notice periods did not commence their actions or toll the running of the limitations periods. And MCL 600.2301 cannot save plaintiffs' actions because MCL 600.2301 only applies to pending actions or proceedings and there never were pending actions in these cases because plaintiffs' complaints, filed before the notice periods expired, could not commence an action. Even if the filing of the NOIs commenced "proceedings" for purposes of MCL 600.2301, the proceedings were no longer pending when the trial courts ruled on defendants' motions for summary disposition because the limitations periods had expired by that time and a proceeding cannot be pending if it is time-barred.

2. The Court of Appeals held that although the *Tyra* defendants did not adequately state the grounds for their notice-period defense in their first responsive pleadings, that failure was irrelevant under *Auslander v Chernick*, 480 Mich 910 (2007), which adopted the reasoning of *Auslander v Chernick*, unpublished opinion per curiam of the Court of Appeals, issued May 1, 2007 (Docket No. 274079) (JANSEN, J., dissenting). Tyra failed to appeal this portion of the Court's opinion, and did not brief it in the Supreme Court. Accordingly, the issue was abandoned and the Court was ill-equipped to address it on the merits. Moreover, appellees who have not cross-appealed may not obtain a decision that is more favorable to them than was rendered by the Court of Appeals, and under the holding of the Court of Appeals, the *Tyra* defendants might still have prevailed on their notice-period affirmative defense on remand, but a decision in the Supreme Court holding that the defense was waived would have meant that the *Tyra* defendants could not prevail on their notice-period affirmative defense. Therefore, it was appropriate for the Court to use its discretion and decline to address the sufficiency of the *Tyra* defendants' affirmative defenses.

Court of Appeals judgments reversed in both *Tyra* and *Furr*; trial court order granting defendants' motion for summary disposition reinstated in *Tyra*; *Furr* remanded to the trial court for entry of an order granting defendants' motion for summary disposition.

Justice VIVIANO, joined by Justices MCCORMACK and BERNSTEIN, concurring in part and dissenting in part, joined the majority opinion in full as it related to *Furr*, and agreed that the trial court correctly granted summary disposition in favor of Organ Procurement, but with regard to the Beaumont defendants, Justice VIVIANO would have affirmed the Court of Appeals on alternative grounds and remanded for further proceedings. With respect to the majority's abandonment holding, Justice VIVIANO stated that Tyra, having obtained a favorable ruling in the Court of Appeals, was not required to file an application for leave to appeal in order to press an alternative ground for affirmance. Further, any decision holding that the Beaumont defendants waived the notice-period defense would not result in an outcome more favorable to Tyra than that rendered by the Court of Appeals given that both holdings would result in a remand to the trial court for further proceedings. With respect to the merits of Tyra's argument, under MCR 2.111(F)(3), a party must state the facts constituting an affirmative defense. An affirmative defense is adequately stated if it reasonably apprises the plaintiff of the nature of the defense such that the plaintiff can take a responsive position. When read in context, Organ Procurement adequately stated its notice-period defense when it alleged that Tyra failed to comply with the notice provisions of MCL 600.2912b and that the action was therefore barred. In contrast, the Beaumont defendants broadly asserted the benefits of Michigan's tort reform acts, which amended or added 90 statutory sections. Such global allegations do not provide reasonable notice to allow a plaintiff to take a responsive position. Because the affirmative defense alleged by the Beaumont defendants was inadequate under MCR 2.111(F)(3), it should have been deemed waived. *Auslander*—which stands for the broad proposition that if a complaint is ineffective at commencing the action, the defendant has no obligation to file affirmative defenses—is analytically flawed, unsupported by our caselaw and court rules, and should be overruled. Defendants should be held to the same standard as plaintiffs: compliance with their procedural obligations under the court rules.

©2015 State of Michigan

# OPINION

Chief Justice:          Justices:

Robert P. Young, Jr.   Stephen J. Markman
                       Mary Beth Kelly
                       Brian K. Zahra
                       Bridget M. McCormack
                       David F. Viviano
                       Richard H. Bernstein

FILED July 22, 2015

S T A T E   O F   M I C H I G A N

SUPREME COURT

LISA TYRA,

        Plaintiff-Appellee,

v                           No. 148079

ORGAN PROCUREMENT AGENCY OF
MICHIGAN, d/b/a GIFT OF LIFE
MICHIGAN,

        Defendant-Appellant,
and

STEVEN COHN, M.D., and WILLIAM
BEAUMONT HOSPITAL,

        Defendants-Appellees,

and

DILLIP SAMARA PUNGAVAN, M.D., and
JOHN DOE,

        Defendants.

LISA TYRA,

       Plaintiff-Appellee,

v                                        No. 148087

ORGAN PROCUREMENT AGENCY OF
MICHIGAN, d/b/a GIFT OF LIFE
MICHIGAN,

       Defendant-Appellee,

and

STEVEN COHN, M.D., and WILLIAM
BEAUMONT HOSPITAL,

       Defendants-Appellants,

and

DILLIP SAMARA PUNGAVAN, M.D., and
JOHN DOE,

       Defendants.

_____

SUSAN FURR and WILLIAM FURR,

       Plaintiffs-Appellees/
       Cross-Appellants,

v                                        No. 149344

MICHAEL MCLEOD, M.D., TARA B.
MANCL, M.D., MICHIGAN STATE
UNIVERSITY KALAMAZOO CENTER
FOR MEDICAL STUDIES, INC., and
BORGESS MEDICAL CENTER,

       Defendants-Appellants/
       Cross-Appellees.

_____

BEFORE THE ENTIRE BENCH

MARKMAN, J.

At issue here is whether *Zwiers v Growney*, 286 Mich App 38; 778 NW2d 81 (2009), was overruled by this Court in *Driver v Naini*, 490 Mich 239; 802 NW2d 311 (2011). The Court of Appeals held that *Zwiers* was not overruled in *Driver*. Because we conclude to the contrary, we reverse the judgment of the Court of Appeals in part in both *Tyra v Organ Procurement Agency of Mich*, 302 Mich App 208; 850 NW2d 667 (2013), and *Furr v McLeod*, 304 Mich App 677; 848 NW2d 465 (2014). In *Tyra*, we reinstate the trial court's order granting defendants' motion for summary disposition, and in *Furr*, we remand to the trial court for entry of an order granting defendants' motion for summary disposition.

## I. FACTS AND HISTORY

### A. *TYRA*

On June 9, 2007, plaintiff, Lisa Tyra, received a kidney transplant at defendant William Beaumont Hospital, with a kidney made available by defendant Organ Procurement Agency of Michigan (Organ Procurement). Plaintiff allegedly suffered complications because the kidney did not constitute a proper match, and she now asserts that defendants should have identified this fact before the surgery.[1] On April 23, 2009,

---

[1] Defendants Dillip Samara Pungavan (a nephrologist) and John Doe (believed to be a transplant coordinator) were dismissed from the case. General references in this opinion to the "defendants" in Docket Nos. 148079 and 148087 are to Organ Procurement, Steven Cohn, and William Beaumont Hospital.

2

plaintiff sent defendants a timely notice of intent (NOI) to file a medical malpractice action. On August 13, 2009, 112 days after sending the NOI, plaintiff filed her complaint against defendants. When plaintiff filed her complaint, the 182-day notice period set forth in MCL 600.2912b(1) had not yet expired, and on January 13, 2010, Organ Procurement moved for summary disposition on the basis that plaintiff's complaint was filed prematurely, i.e., before the expiration of the 182-day notice period, and the period of limitations had since expired.[2] The hospital and Dr. Steven Cohn, the transplant surgeon, joined the motion on March 19, 2010, and on May 20, 2010, the trial court granted the motion. The trial court reasoned that, under *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005), the prematurely filed complaint failed to toll the running of the period of limitations and plaintiff could not cure the error by refiling the complaint.

On August 15, 2013, a divided Court of Appeals reversed the grant of summary disposition. *Tyra*, 302 Mich App 208. The Court of Appeals majority concluded that *Driver* had not overruled *Zwiers* and "on the basis of both *Zwiers* and the purpose behind MCL 600.2301, the trial court erred by failing to at least consider the possibility of allowing plaintiff to amend her complaint . . . ." *Id*. at 226. The Court accordingly remanded to allow "the trial court [to] exercise its discretion by either granting or denying that amendment pursuant to MCL 600.2301 and *Zwiers*." *Id*. at 227. Judge

_____

[2] Assuming that plaintiff's complaint did not toll the running of the limitations period, it is undisputed that the period expired on December 8, 2009.

3

WILDER dissented on the basis that "*Zwiers* was undermined by the Supreme Court's subsequent decision in *Driver* . . . ." *Id.* at 231 (WILDER, P.J., dissenting).

Defendants (in two separate applications) sought leave to appeal in this Court, arguing that the Court of Appeals erred by concluding that *Zwiers* remained valid after *Driver*. We directed that oral argument be heard on defendants' applications for leave to appeal and instructed the parties to address "whether *Zwiers v Growney*, 286 Mich App 38 (2009), was overruled by this Court's decision in *Driver v Naini*, 490 Mich 239 (2011), and whether the defendant's affirmative defenses were defective because they did not specifically state the grounds for the defense." *Tyra v Organ Procurement Agency of Mich*, 497 Mich 909, 909-910 (2014).

## B. *FURR*

On April 4, 2008, plaintiff Susan Furr allegedly suffered a severed nerve during surgery at defendant Borgess Medical Center. On April 4, 2010, plaintiff and her husband William Furr[3] sent defendants a timely NOI to file a medical malpractice action.[4] On September 30, 2010, 179 days after sending the NOI, plaintiffs filed their complaint against defendants. When plaintiffs filed their complaint, the 182-day notice period set forth in MCL 600.2912b(1), as in *Tyra*, had not yet expired.[5] On November

---

[3] Plaintiff William Furr sued derivatively for loss of consortium.

[4] The NOI was dated April 1, 2010, but plaintiffs acknowledge that it was not actually mailed until April 4, 2010.

[5] Even assuming that the NOI had been sent on April 1, 2010, it is undisputed that the complaint was filed at least one day prematurely.

4

24, 2010, defendants moved for summary disposition on the basis that plaintiffs' complaint was filed prematurely, i.e., before expiration of the 182-day notice period, and that the statute of limitations, also as in *Tyra*, had since expired.[6] On January 31, 2011, and again on May 22, 2012, after the Court of Appeals remanded for reconsideration in light of *Driver*, the trial court denied defendants' motion, citing *Zwiers* for the proposition that MCL 600.2301 permits a trial court to ignore noncompliance with MCL 600.2912b(1) when a defendant's substantial rights are not prejudiced.

On October 24, 2013, a divided Court of Appeals panel affirmed the trial court. *Furr v McLeod*, 303 Mich App 801 (2013). In his lead opinion, Judge WHITBECK asserted that but for *Tyra*, he would have reversed the trial court and held that *Driver* overruled *Zwiers*. Judge WHITBECK therefore requested the convening of a conflict-resolution panel. Judge M. J. KELLY, concurring, disagreed with Judge WHITBECK's analysis, but agreed that a conflict panel should be convened. Judge OWENS wrote a separate opinion, concurring in the result, but noting his own conclusion that *Tyra* was decided correctly. A conflict-resolution panel was convened and, pursuant to MCR 7.215(J)(5), the Court's original judgment in *Furr* was vacated. *Furr*, 303 Mich App 801. In a 4-3 decision, the Court of Appeals conflict panel then affirmed the trial court. *Furr*, 304 Mich App 677. The Court majority was "not prepared to hold that *Driver* overruled *Zwiers* by implication." *Id.* at 706. The dissenting judges would have

---

[6] Assuming that plaintiff's complaint did not toll the running of the period of limitations, it is undisputed that the period of limitations expired in October 2010.

reversed the trial court on the basis that *Driver* did overrule *Zwiers*.  *Id*. at 706-707 (O'CONNELL, J., dissenting); *id*. at 707 (METER, J., dissenting).

Defendants sought leave to appeal, arguing that the conflict panel erred by ruling that *Driver* did not overrule *Zwiers*.  This Court directed that oral argument be heard on defendants' application and directed the parties to address "whether *Zwiers v Growney*, 286 Mich App 38 (2009), was overruled by this Court's decision in *Driver v Naini*, 490 Mich 239 (2011)."  *Furr v McLeod*, 497 Mich 910 (2014).  Oral arguments in *Tyra* and *Furr* were heard on May 5, 2015.

## II.  STANDARD OF REVIEW

This Court reviews de novo decisions on motions for summary disposition.  *IBM v Treasury Dep't*, 496 Mich 642, 647; 852 NW2d 865 (2014).  This Court also reviews de novo issues of statutory interpretation.  *Id*.

## III.  ANALYSIS

## A.  BACKGROUND

MCL 600.2912b(1) requires that the plaintiff in a medical malpractice action give the defendant written notice of the plaintiff's intent to file a claim before commencing a medical malpractice action against the defendant.  After providing the NOI, the plaintiff must wait for the applicable notice period, usually 182 days, to pass before the plaintiff can file the medical malpractice action.[7]  MCL 600.2912b(1) provides:

---

[7] The pertinent period may be shortened to 154 or even 91 days under circumstances not relevant here.  See MCL 600.2912b(3) and (8).  It is undisputed that the plaintiffs in these two cases filed their complaints before the expiration of the pertinent notice periods.

6

Except as otherwise provided in this section, a person *shall not commence* an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced. [Emphasis added.]

"In a medical malpractice action, a claimant normally has two years from the time his claim accrues to commence a suit." *Driver*, 490 Mich at 249, citing MCL 600.5838a(2) and MCL 600.5805(1) and (6). However, under MCL 600.5856(c), the running of the two-year period of limitations is tolled during the notice period. In addition, under MCL 600.5856(a), the filing of a complaint with the required affidavit of merit after the notice period has elapsed *also* tolls the running of the period of limitations.[8] MCL 600.5856 provides, in pertinent part:

The statutes of limitations or repose are tolled in any of the following circumstances:

(a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.

\* \* \*

(c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is

---

[8] MCL 600.2912d(1) provides that the plaintiff in a medical malpractice action "shall file with the complaint an affidavit of merit . . . ." In *Scarsella v Pollak*, 461 Mich 547, 549-550; 607 NW2d 711 (2000), this Court held that "[u]se of the word 'shall' indicates that an affidavit accompanying the complaint is mandatory and imperative," and therefore "the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit" and "because the complaint without an affidavit was insufficient to commence plaintiff's malpractice action, it did not toll the period of limitation." (Quotation marks and citation omitted.)

7

tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

Finally, MCL 600.2301, a statute of general applicability, provides:

> The court in which any action or proceeding is *pending*, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the *furtherance of justice*, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the *substantial rights* of the parties. [Emphasis added.]

In *Burton*, 471 Mich at 745, this Court held that "[a] complaint filed before the expiration of the notice period violates MCL 600.2912b and is ineffective to toll the limitations period," *id*. at 747, because "the failure to comply with the statutory requirement renders the complaint insufficient to commence the action," *id*. at 754, because MCL 600.2912b "unequivocally provides that a person 'shall not' commence an action alleging medical malpractice against a health professional or health facility until the expiration of the statutory notice period," *id*. at 752. *Burton* further held that "dismissal is an appropriate remedy for noncompliance with the notice provisions of MCL 600.2912b and that when a case is dismissed, the plaintiff must still comply with the applicable statute of limitations." *Id*. at 753. Therefore, if the statute of limitations has already expired, the case must be dismissed with prejudice.

In *Boodt v Borgess Med Ctr*, 481 Mich 558, 562-564; 751 NW2d 44 (2008), this Court held that "a plaintiff cannot commence an action before he or she files a notice of intent that contains all the information required under [MCL 600.2912b(4)]," and accordingly, "the filing of the complaint and the affidavit of merit that plaintiff was not yet authorized to file [because the NOI did not contain all the required information] could

8

not possibly have tolled the period of limitations." *Boodt* further held that MCL 600.2301, which allows the court "to amend any process, pleading or proceeding" and to "disregard any error or defect in the proceedings," only applies to "pending" actions and "because the notice of intent was deficient, no action [was] pending . . . ." *Id*. at 563 n 4.

In *Bush v Shabahang*, 484 Mich 156, 161; 772 NW2d 272 (2009), this Court held that, under the 2004 amendments of MCL 600.5856, "if an NOI is timely, the statute of limitations is tolled despite defects contained therein." *Bush* further held that MCL 600.2301 "may be employed to cure defects in an NOI." *Id*. at 177.[9] Specifically, MCL 600.2301 "allows for amendment and disregard of 'any error or defect' where the substantial rights of the parties are not affected and the cure is in the furtherance of justice." *Id*. at 161. "A cure is in the furtherance of justice when a party makes a good-faith attempt to comply with the content requirements of [MCL 600.2912b]." *Id*. at 185.

In *Zwiers*, 286 Mich App at 52, the Court of Appeals, relying on *Bush* and MCL 600.2301, held that "[u]nder the circumstances of this case in which a complaint was inadvertently filed *one day early on a 182-day waiting period* and in which no one was harmed or prejudiced by the premature filing, it would simply constitute an injustice to deprive plaintiff of any opportunity to have the merits of her case examined and

---

[9] Although *Bush* reached a different result than *Boodt*, *Bush* did not overrule *Boodt*. This is explained by the fact that while *Bush* addressed the proper interpretation of MCL 600.5856, as amended by 2004 PA 87, *Boodt* involved the proper interpretation of the statute as it existed before it was amended by 2004 PA 87.

addressed by a court of law." Therefore, the court reversed the trial court's order granting the defendants' motion for summary disposition, "reinstated" the plaintiff's medical malpractice suit, and "remanded for further proceedings consistent with this opinion." *Id*. at 52-53.[10]

This Court denied the defendants' subsequent application for leave to appeal. *Zwiers v Growney*, 486 Mich 1058 (2010). Three Justices would have reversed the Court of Appeals for the reasons stated in the dissenting statement in *Ellout v Detroit Med Ctr*, 486 Mich 1058 (2010). *Zwiers*, 486 Mich at 1058 (MARKMAN, J., dissenting). *Ellout* involved the identical issue and was decided on the same day as *Zwiers*. The dissent in *Ellout* stated:

> *Bush* is inapplicable here because it involved the filing of a *defective* notice of intent, while this case involves the filing of a complaint before the notice period expired. MCL 600.2301 is also inapplicable here because it only applies to "pending" actions, and there was no "pending" action here because a timely complaint had never been filed. As this Court recognized in *Burton*, MCL 600.2912b(1) unambiguously states that a person "shall not commence an action" until the notice period has expired. Because plaintiff was not authorized to commence this action when she filed the complaint, no action has been commenced, and, thus, there is no pending action. As this Court explained in *Boodt v Borgess Med Ctr*, 481 Mich 558, 564 (2008), if a plaintiff fails to file a notice of intent that complies

---

[10] *Zwiers*, 286 Mich App at 46, stated that "[a]lthough application of *Burton* alone would require us to affirm the summary dismissal of plaintiff's case, the Court in *Burton*, as opposed to the case at bar, was not presented with an argument under MCL 600.2301," and "[g]iven that *Burton* did not address MCL 600.2301 and that *Bush* has shed new light on MCL 600.2301 and its effect on the NOI statute," "[w]e cannot blindly follow *Burton* if MCL 600.2301 and *Bush* demand a different outcome." *Zwiers* then concluded that MCL 600.2301 and *Bush* did, in fact, demand a different outcome.

with the statutory requirements, that plaintiff is not authorized to file a complaint.

Furthermore, allowing plaintiff to file a complaint before the notice period has expired would affect defendants' substantial rights because it would deprive them of the 154 or 182 days of notice that the statute clearly entitles them to.

*Burton* and *Boodt* have not been overruled, and, thus, are still good law; and the Court of Appeals clearly did not follow *Burton* and *Boodt*. Therefore, I would reverse the Court of Appeals. [*Ellout*, 486 Mich at 1059 (MARKMAN, J., dissenting) (emphasis added).]

In *Driver*, 490 Mich at 243, we held that "a plaintiff is not entitled to amend an original NOI to add nonparty defendants so that the amended NOI relates back to the original filing for purposes of tolling the statute of limitations . . . ." *Driver* explained that "[t]he *Bush* majority held that when an NOI fails to meet all of the *content* requirements under MCL 600.2912b(4), MCL 600.2301 allows a plaintiff to amend the NOI and preserve tolling unless the plaintiff failed to make a good-faith effort to comply with MCL 600.2912b(4)." *Id*. at 252-253. Accordingly, *Driver* held that "the holding in *Bush* that a defective yet timely NOI could toll the statute of limitations simply does not apply here because CCA [the nonparty defendant] never received a timely, albeit defective, NOI." *Id*. at 253. Concerning the effect of *Bush* on *Burton*, *Driver* explained:

Nothing in *Bush* altered our holding in *Burton*. The central issue in *Bush* involved the effect an NOI had on tolling when the NOI failed to comply with the *content* requirements of MCL 600.2912b(4). The central issue in *Burton* involved the effect the plaintiff's failure to comply with the *notice-waiting-period* requirements had on tolling. Indeed, the *Bush* Court repeatedly emphasized that the focus of MCL 600.5856(c) is compliance with the notice waiting period set forth in MCL 600.2912b. In contrast to placing doubt on the viability of *Burton*, this aspect of *Bush* aligned with *Burton*'s holding that a plaintiff must comply with the notice waiting period to ensure the complaint tolls the statute of limitations. [*Id*. at 257-258 (citations omitted).]

11

*Driver* also held that "MCL 600.2301 is inapplicable because there was no action or proceeding pending against CCA" because the "plaintiff's claim was already time-barred when he sent the NOI"; and "[a]n action is not pending if it cannot be commenced," and "[b]y its plain language, MCL 600.2301 only applies to actions or proceedings that are *pending*." *Id*. at 254 (quotation marks and citation omitted). Finally, *Driver* noted that "amendment of the original NOI to allow plaintiff to add CCA would not be 'for the furtherance of justice' and would affect CCA's 'substantial rights,' " because it would "deprive CCA of its statutory right to a timely NOI followed by the appropriate notice waiting period" and "CCA would also be denied its right to a statute-of-limitations defense." *Id*. at 254-255 (quotation marks and citations omitted).

In *Tyra*, 302 Mich App at 220-221, the Court of Appeals reluctantly relied on this Court's decision in *Burton*, and held that "a medical malpractice complaint filed prior to the expiration of the MCL 600.2912b waiting period does not commence the action and does not toll the running of the limitations period pursuant to MCL 600.5856(a)." The majority recognized that "*Burton* has not been overturned" and that "citing to *Burton*, our Supreme Court recently reaffirmed that 'when a plaintiff fails to strictly comply with the notice waiting period under MCL 600.2912b, his or her prematurely filed complaint fails to commence an action that tolls the statute of limitations.' " *Tyra*, 302 Mich App at 223, quoting *Driver*, 490 Mich at 256.

However, relying on the Court of Appeals opinion in *Zwiers* and distinguishing *Driver*, the Court ultimately held that the *Tyra* plaintiff may be permitted to amend her complaint under MCL 600.2301. Specifically, the Court held that *Driver* is distinguishable because "[i]n *Driver*, the plaintiffs were barred from the initial step of the

12

proceedings of filing the notice of intent, whereas here, there is no dispute that the notice of intent was proper" and that while "MCL 600.2301 cannot be used to create a filing out of whole cloth, . . . no such bootstrapping would occur here, where all the requisite documents actually exist." *Tyra*, 302 Mich App at 224. Relying on *Zwiers* and MCL 600.2301, the Court of Appeals remanded to the trial court for it to "examine whether the party seeking amendment lacked good faith and whether the party opposing amendment will suffer prejudice that cannot be remedied by a lesser sanction than dismissal." *Id.* at 226.

The Court of Appeals dissent, relying on *Burton* and *Driver* and believing that *Zwiers* was "significantly undermined by our Supreme Court's later decision in *Driver*," concluded that "plaintiff's complaint cannot be resurrected under MCL 600.2301." *Tyra*, 302 Mich App at 230 (WILDER, P.J., dissenting). The dissent explained:

> [T]he limitations period expired without commencement of a medical malpractice action because plaintiff's complaint was filed prematurely. Since [a]n action is not "pending" if it cannot be [or was not] "commenced," there was no *action* pending in the trial court to which MCL 600.2301 could be retroactively applied. Moreover, retroactive application of MCL 600.2301 would affect defendant's substantial rights because defendant would be "denied its right to a statute-of-limitations defense," which is plainly contrary to, and not in furtherance of, the Legislature's intent in enacting MCL 600.2912b. [*Id.* at 230 (quotation marks and citations omitted; alterations in original).]

In *Furr*, 303 Mich App 801, the Court of Appeals originally held that although the *Furr* plaintiffs filed their complaint before the end of the 182-day notice period, they could amend their prematurely filed complaint. In his lead opinion, however, Judge WHITBECK only reached that result because he concluded the Court was bound by *Tyra*. Judge WHITBECK asserted that *Tyra* was wrongly decided and called for a conflict-

13

resolution panel. See MCR 7.215(J). Specifically, Judge WHITBECK believed that *Driver* overruled *Zwiers* because *Driver* held that "a plaintiff may only invoke MCL 600.2301 to correct a defective *content* requirement in the notice of intent." *Id*. at 809 (opinion by WHITBECK, J.).

In a split decision, the conflict panel held that *Driver* did not overrule *Zwiers*. *Furr*, 304 Mich App at 680. It further held that *Driver* is distinguishable from *Zwiers*, *Tyra*, and *Furr* because in *Driver* the plaintiff's claim was already time-barred when he sent the NOI, but "[i]n *Zwiers*, *Tyra*, and *Furr*, however, the NOIs were timely served on the defendants, so while *actions* had not been commenced because of the premature filing of complaints and no *actions* were therefore pending for purposes of MCL 600.2301, *proceedings* had been commenced given the timely NOIs and *proceedings* were therefore pending," and "MCL 600.2301 speaks of a pending 'action *or* proceeding.' " *Id*. at 694. The conflict panel held that *Driver* cannot be interpreted to mean that only content-based amendments are permitted under MCL 600.2301 because MCL 600.2301 "empowers a court to amend any process, pleading, or proceeding 'either in form *or* substance[.]' " *Id*. at 699, quoting MCL 600.2301 (alteration in original). The dissenting judges indicated that they were dissenting for the reasons stated in Judge WHITBECK's vacated opinion in *Furr* and in the dissenting opinion in *Tyra*. *Id*. at 706-707 (O'CONNELL, J., dissenting). Judge METER separately indicated that although he was a member of the panel that

14

decided *Zwiers*, he believed that *Driver* overruled *Zwiers*.[11]  *Id.* at 707 (METER, J., dissenting).

## B.  AFFIRMATIVE DEFENSES

In *Tyra*, 497 Mich at 910, we asked the parties to address "whether the defendants' affirmative defenses were defective because they did not specifically state the grounds for the defense."  The Court of Appeals held that although the *Tyra* defendants did not adequately state the grounds for the affirmative defense of plaintiff's failure to comply with the notice period, that did not matter because this Court held in *Auslander v Chernick*, 480 Mich 910 (2007),[12] that a plaintiff's failure to comply with the notice period remains available as a defense irrespective of whether the defendant adequately stated the grounds for the defense.  Although the *Tyra* defendants appealed a different portion of the Court of Appeals' opinion, the *Tyra* plaintiff did not appeal this portion of the opinion.  Indeed, the *Tyra* plaintiff has not even filed a brief in this Court.  Because

---

[11] In *Zwiers*, on remand, the trial court granted the defendants' motion for summary disposition, holding that the Supreme Court overruled the Court of Appeal's decision in *Zwiers*.  The Court of Appeals reversed the trial court and held that "[t]he analysis engaged in by this Court in *Zwiers* is still applicable to the factual situation presented in the instant appeal."  *Zwiers v Growney*, unpublished opinion per curiam of the Court of Appeals, issued June 24, 2014 (Docket No. 312133), p 3.  Judge RIORDAN wrote a concurring opinion in which he stated, "If not for the *Furr* decision, I would affirm the trial court's order granting summary disposition in favor of the defendants."  *Id.* (RIORDAN, J., concurring), p 1.  An application for leave to appeal is currently pending in this Court in *Zwiers* (Docket No. 149815).

[12] Adopting *Auslander v Chernick*, unpublished opinion per curiam of the Court of Appeals, issued May 1, 2007 (Docket No. 274079) (JANSEN, J., dissenting).

15

the *Tyra* plaintiff has not briefed the issue, it has been abandoned. *People v McGraw*, 484 Mich 120, 131 n 36; 771 NW2d 655 (2009) ("Failure to brief an issue on appeal constitutes abandonment."). Although "the failure of an appellee to file a responsive brief may not properly be considered to be a confession of substantive error," *People v Smith*, 439 Mich 954 (1992), appellees who have not cross-appealed "may not obtain a decision more favorable to them than was rendered by the Court of Appeals," *McCardel v Smolen*, 404 Mich 89, 94-95; 273 NW2d 3 (1978).[13] See also *In re MCI*, 460 Mich 396, 432; 596 NW2d 164 (1999) ("Appellee Ameritech has neither applied for leave to cross appeal on this issue, nor offered this argument as an alternative rationale to support the favorable ruling it received below. Accordingly, this issue, itself, is not properly before the Court."); *McGraw*, 484 Mich at 131 n 36 ("[W]e do not contend that an

---

[13] In his opinion concurring in part and dissenting in part, Justice VIVIANO asserts that "any decision holding that defendants waived the notice-waiting-period affirmative defense would not result in an outcome more favorable to plaintiff than that rendered by the Court of Appeals," because "[b]oth holdings would result in a remand to the trial court for further proceedings." We respectfully disagree. The Court of Appeals remanded to afford plaintiff "the opportunity to make an argument in support of amending the filing date of her complaint and affidavit of merit" and to allow the trial court to "exercise its discretion by either granting or denying that amendment pursuant to MCL 600.2301 and *Zwiers*." *Tyra*, 302 Mich App at 227. However, the Court of Appeals recognized that "the applicability of *Zwiers* to the instant case is unclear," especially since "plaintiff's prematurity in this case is vastly more egregious than that in *Zwiers*." *Id.* at 225. Therefore, pursuant to the remand of the Court of Appeals, defendants might still have prevailed based on their notice-waiting-period affirmative defense. But if this Court were to hold that defendants waived this defense, defendants would not be able to prevail on this basis. Therefore, a decision holding that defendants waived the defense would, in fact, result in an outcome more favorable to plaintiff than that rendered by the Court of Appeals.

appellee is required to file a cross-appeal to raise a waiver argument. We simply conclude that an appellee should at some point actually *raise* the waiver argument. And if he or she does not do so, this Court may . . . choose not to raise and address the argument on its own."). Given that the *Tyra* plaintiff has not briefed whether the *Tyra* defendants sufficiently pleaded their affirmative defenses, nor the relevance of this in light of *Auslander*, we need not address these issues and we will not do so here because plaintiff's abandonment of these issues has left us ill equipped to address the merits of these issues. See *Wayne Co Employees Retirement Sys v Wayne Charter County*, 497 Mich 36, 41; 859 NW2d 678 (2014) (stating that "[t]he county's abandonment of the issue on appeal . . . has left us ill equipped to address the merits" of the issue).[14]

---

[14] Although Justice VIVIANO is correct that our orders granting oral argument on the applications directed the parties to address whether defendants sufficiently pleaded their affirmative defenses "[a]t oral argument," our orders also stated that "[t]he parties may file supplemental briefs . . . ." And while counsel for the plaintiffs filed a supplemental brief in *Furr*, the same counsel did not file a supplemental brief in *Tyra*. The issues in these cases are identical except that *Tyra* additionally involves the sufficiency-of-the-pleading-of-the-affirmative-defense issue. That is, while counsel believed that the substantive merit of the affirmative defense was an issue worthy of a supplemental brief, he did not apparently believe the procedural-pleading issue was similarly worthy. Further, although plaintiff's counsel did raise the latter issue at oral argument, he did not raise the arguments raised in Justice VIVIANO's thoughtful analysis. Finally, as Justice VIVIANO recognizes, the decision he would overrule, *Auslander*, does not seem to be causing "chaos" because "despite [its] purported authorization, defendants continue to follow our court rules and statutes by filing answers and affirmative defenses." In other words, it seems most defendants recognize that continuing to file sufficiently pleaded affirmative defenses, even if not compelled to do so, remains the most prudent course of action. For all these reasons, we do not believe this is the proper, or necessary, time to consider whether *Auslander* should be overruled. To make clear, although we possess the authority to address this issue, as we do most other issues before us on appeal, we choose to exercise our discretion not to do so in this case because by failing to file a brief

## C. *ZWIERS* OVERRULED

In both *Tyra*, 497 Mich at 909-910, and *Furr*, 497 Mich at 910, this Court directed the parties to address whether *Zwiers* was overruled by *Driver*. We hold that *Zwiers* was so overruled. As discussed earlier in this opinion, *Zwiers*, 286 Mich App at 49, held that *Bush* and MCL 600.2301 can be used to save a medical malpractice action that was never commenced before the statute of limitations expired when the complaint was filed before the expiration of the NOI waiting period because "*Bush* makes it abundantly clear that MCL 600.2301 is applicable to the entire NOI process and *any* compliance failures under the NOI statute." (Emphasis added.) However, *Driver*, 490 Mich at 258 n 68, held that "*Bush* repeatedly recognized that [an] NOI must be timely filed,"[15] that *Bush* only held that MCL 600.2301 can be applied "when an NOI fails to meet all of the *content*

---

in response to defendants' applications for leave to appeal, a cross-appeal, a supplemental brief, or even raise in oral argument anything resembling the arguments raised by JUSTICE Viviano, the *Tyra* plaintiff, in our judgment, has left us ill-equipped to address the issue at this time and there appears to be no particular urgency to address the issue.

[15] See, for example, *Bush*, 484 Mich at 161 ("[T]he current statute, [MCL 600.5856(c)], makes clear that the question whether tolling applies is determined by the timeliness of the NOI."); *id*. ("[I]f an NOI is timely, the statute of limitations is tolled . . . ."); *id*. at 169 ("[T]he focus of the new [MCL 600.5856(c)] is unquestionably limited to compliance with the 'applicable notice period.' "); *id*. ("[I]f a plaintiff complies with the applicable notice period before commencing a medical malpractice action, the statute of limitations is tolled."); *id*. at 170 ("[A] plaintiff's NOI must comply only with the applicable notice period."); *id*. at 172 ("The plain language of [MCL 600.2912b(1)] mandates that a plaintiff shall not commence an action for medical malpractice without filing a timely NOI."); *id*. at 184 ("If a court ultimately determines that the [defendant's] response is not defective, plaintiff's complaint [if filed 154 days, rather than 182 days after the NOI] may be deemed untimely.").

18

requirements under MCL 600.2912b(4)," *id*. at 252, and that MCL 600.2301 only applies to *pending* actions or proceedings, *id*. at 264. *Driver* and *Zwiers* are clearly inconsistent with one another, and *Driver* controls over *Zwiers*. See *People v Mitchell*, 428 Mich 364, 369; 408 NW2d 798 (1987) ("An elemental tenet of our jurisprudence, stare decisis, provides that a decision of the majority of justices of this Court is binding upon lower courts.").

While *Zwiers* held that *Bush* altered our holding in *Burton*,[16] *Driver*, 490 Mich at 257, expressly held that "[n]othing in *Bush* altered our holding in *Burton*."[17] As already discussed, *Burton* held that the filing of a complaint before the expiration of the NOI waiting period does not commence an action or toll the running of the period of limitations. Therefore, in the instant cases (as well as in *Zwiers*), plaintiffs' filing of their complaints before the expiration of the NOI waiting period did not commence their

---

[16] See *Zwiers*, 286 Mich App at 46, 52 (stating, "We cannot blindly follow *Burton* if MCL 600.2301 and *Bush* demand a different outcome," and concluding that a different outcome was required); *id*. at 40, 52 ("While *Burton*, standing alone, would compel us to affirm," "[p]ursuant to MCL 600.2301 and its interpretation by the *Bush* Court, we reverse . . . .") (citation omitted).

[17] In addition, while *Zwiers*, 286 Mich App at 51, held that the "defendants' substantial rights were not implicated or affected, and thus there would be no harm if a court corrected or disregarded the premature filing of the complaint and affidavit of merit," *Driver*, 490 Mich at 254-255, held that "[a]pplying MCL 600.2301 in the present case would deprive CCA of its statutory right to a timely NOI followed by the appropriate notice waiting period" and CCA "would also be denied its right to a statute-of-limitations defense," and thus applying MCL 600.2301 "would not be 'for the furtherance of justice' and would affect CCA's 'substantial rights.' " (Quotation marks and citations omitted.) This is yet another example of the inconsistencies between *Zwiers* and *Driver*.

19

actions or toll the running of the limitations period. And MCL 600.2301 cannot save plaintiffs' actions because MCL 600.2301 only applies to pending actions or proceedings and there never were pending actions in these cases. Plaintiffs' complaints, filed before the NOI waiting period expired, could not commence an action.

In addition, even assuming that a NOI does constitute part of a "proceeding," as *Bush* held, and, accordingly, that there were pending proceedings at the time plaintiffs filed their NOIs, the proceedings were no longer pending when the trial courts ruled on defendants' motions for summary disposition because the limitations periods had expired by that time. "A proceeding cannot be pending if it was time-barred . . . ." *Driver*, 490 Mich at 254. As a result, MCL 600.2301 is inapplicable.

Moreover, ignoring the defects in these cases would not be "for the furtherance of justice" and would affect defendants' "substantial rights." MCL 600.2301. That is, just as in *Driver*, 490 Mich at 255, "[a]pplying MCL 600.2301 in the present case[s] would deprive [defendants] of [their] statutory right to a timely NOI followed by the appropriate notice waiting period," and they "would also be denied [their] right to a statute-of-limitations defense." Therefore, even if MCL 600.2301 was applicable here, it should not be viewed as having been satisfied.

Finally, plaintiffs argue that under MCL 600.5856(a), which states that the statute of limitations is tolled "[a]t the time the complaint is filed," the running of the limitations periods in these cases was tolled once the complaints were filed, even though the complaints were filed prematurely. However, this argument has been repeatedly rejected by this Court. First, in *Scarsella v Pollak*, 461 Mich 547, 552; 607 NW2d 711 (2000), we held that a complaint filed without an affidavit of merit does not toll the running of the

20

limitations period because the contrary interpretation "would undo the Legislature's clear statement that an affidavit of merit 'shall' be filed with the complaint." (Citation omitted.) Later, in *Burton*, 471 Mich at 747, we held that a complaint filed before the expiration of the notice period does not toll the running of the limitations period. And in *Boodt*, 481 Mich at 562-564, this argument was rejected when we held that a complaint filed after the filing of a defective NOI does not toll the running of the period of limitations. As *Boodt*, 481 Mich at 564, explained:

> [P]laintiff failed to file a notice of intent that satisfied the requirements of [MCL 600.2912b(4)(e)], and, thus, plaintiff was not yet authorized to file a complaint and an affidavit of merit. Therefore, the filing of the complaint and the affidavit of merit that plaintiff was not yet authorized to file could not possibly have tolled the period of limitations.

Plaintiffs argue that these decisions should be overruled because they are inconsistent with MCL 600.1901, which states that "[a] civil action is commenced by filing a complaint with the court." This specific argument was addressed in a concurring statement to this Court's order denying the plaintiff's motion for rehearing in *Boodt v Borgess Med Ctr*, 482 Mich 1001 (2008). As was stated:

> [M]ore specific statutory provisions control over more general statutory provisions, and thus the specific requirements of [MCL 600.2912b(1)] regarding "commenc[ing] an action alleging medical malpractice" prevail over the general requirements of MCL 600.1901 regarding the commencing of civil actions. [*Boodt*, 482 Mich at 1002 (MARKMAN, J., concurring) (third alteration in original).]

Although a civil action is generally commenced by filing a complaint, a medical malpractice action can only be commenced by filing a timely NOI and then filing a complaint and an affidavit of merit after the applicable notice period has expired, but before the period of limitations has expired. Because plaintiffs did not wait until the

21

applicable notice period expired before they filed their complaints and affidavits of merit, they did not commence actions against defendants. Because the statute of limitations has since expired, plaintiffs' complaints must be dismissed with prejudice.

## IV. CONCLUSION

For these reasons, we reverse the Court of Appeals in part in both cases. In *Tyra*, we reinstate the trial court's order granting defendants' motion for summary disposition, and in *Furr*, we remand to the trial court for entry of an order granting defendants' motion for summary disposition.

Stephen J. Markman
Robert P. Young, Jr.
Mary Beth Kelly
Brian K. Zahra

22

STATE OF MICHIGAN

SUPREME COURT

LISA TYRA,

        Plaintiff-Appellee,

v                                No. 148079

ORGAN PROCUREMENT AGENCY OF
MICHIGAN, d/b/a GIFT OF LIFE
MICHIGAN,

        Defendant-Appellant,
and

STEVEN COHN, M.D., and WILLIAM
BEAUMONT HOSPITAL,

        Defendants-Appellees,

and

DILLIP SAMARA PUNGAVAN, M.D., and
JOHN DOE,

         Defendants.

LISA TYRA,

        Plaintiff-Appellee,

v                                No. 148087

ORGAN PROCUREMENT AGENCY OF
MICHIGAN, d/b/a GIFT OF LIFE
MICHIGAN,

        Defendant-Appellee,

and

STEVEN COHN, M.D., and WILLIAM
BEAUMONT HOSPITAL,

        Defendants-Appellants,

and

DILLIP SAMARA PUNGAVAN, M.D., and
JOHN DOE,

        Defendants.

---

SUSAN FURR and WILLIAM FURR,

        Plaintiffs-Appellees/
        Cross-Appellants,

v                                      No. 149344

MICHAEL MCLEOD, M.D., TARA B.
MANCL, M.D., MICHIGAN STATE
UNIVERSITY KALAMAZOO CENTER
FOR MEDICAL STUDIES, INC., and
BORGESS MEDICAL CENTER,

        Defendants-Appellants/
        Cross-Appellees.

VIVIANO, J. (*concurring in part and dissenting in part*).

Two steps forward, one step back. That is how I would describe today's decision. Although it satisfactorily resolves the first issue in these appeals, the Court inexplicably leaves unresolved a compelling threshold issue raised by the plaintiff in *Tyra v Organ Procurement Agency of Mich*: if she is to be held to procedural requirements, so should defendants. More specifically, plaintiff[1] argued in the trial court that defendants waived the MCL 600.2912b notice-waiting-period affirmative defense because they failed to adequately plead it under MCR 2.111(F)(3). The Court of Appeals found merit in this argument, but determined that it was bound by *Auslander v Chernick*, 480 Mich 910 (2007), an order from this Court relieving defendants in medical malpractice cases from pleading affirmative defenses in response to complaints that failed to comply with statutory prerequisites. *Tyra v Organ Procurement Agency of Mich*, 302 Mich App 208, 211-220; 850 NW2d 667 (2013). After initially requesting oral argument on this issue, the Court now holds in Part III(B) of the majority opinion that plaintiff "abandoned" this argument. I dissent from this part of the Court's opinion. I would address the merits of plaintiff's claim that defendants' affirmative defenses were inadequate under MCR 2.111(F)(3) and, in so doing, would reject defendants' argument that they are exempted from pleading the § 2912b affirmative defense under *Auslander*.

---

[1] References in this opinion to "plaintiff" are to Lisa Tyra, and references to "defendants" are to the Organ Procurement Agency of Michigan, Steven Cohn, and William Beaumont Hospital.

2

# I. ISSUE ABANDONMENT

The majority holds that plaintiff "abandoned" her affirmative defense argument because she failed to appeal this aspect of the Court of Appeals decision and failed to file an answer to defendants' applications for leave to appeal. Both are true, but irrelevant and certainly no reason for the Court to take a pass on this issue.

First, plaintiff's failure to file a cross-appeal is a red herring. Having obtained a favorable decision in the Court of Appeals, plaintiff is not required—under the threat of "abandonment"—to file a separate application in order to press an alternative ground for affirmance. *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994) ("A cross appeal was not necessary to urge an 'alternative ground for affirmance.' "). Contrary to the majority's implication, any decision holding that defendants waived the notice-waiting-period affirmative defense would not result in an outcome more favorable to plaintiff than that rendered by the Court of Appeals. Both holdings would result in a remand to the trial court for further proceedings.

Second, plaintiff's failure to file a written answer to defendants' applications is irrelevant. Our orders in this case specifically stated, "We direct the Clerk to *schedule oral argument* on whether to grant the application or take other action. *At oral argument, the parties shall address* . . . whether the [defendants'] affirmative defenses were defective because they did not specifically state the grounds for the defense." *Tyra v Organ Procurement Agency of Mich*, 856 NW2d 69, 70 (2014) (citation omitted; emphasis added). Plaintiff did exactly what was requested of her by this Court: plaintiff's counsel attended oral argument on defendants' applications and argued that defendants' affirmative defenses were inadequate and that *Auslander* was incorrectly

3

decided. It is a perversity of the "abandonment" doctrine for this Court to avoid a preserved issue argued at the time and place directed by the Court. In these circumstances, plaintiff has primed the appellate pump sufficiently for us to address the issue.[2]

## II.  ADEQUACY OF DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiff argues that defendants' affirmative defenses were inadequate to put her on notice that she failed to comply with the notice-waiting-period requirement of MCL 600.2912b. Michigan's pleading standard is codified in MCR 2.111. With respect to pleading affirmative defenses, MCR 2.111(F)(3) provides that "a party must state the facts constituting" an affirmative defense. An affirmative defense is adequate under MCR 2.111(F)(3) as long as it reasonably apprises the plaintiff of the nature of the defense such that the plaintiff can take a responsive position. *Hanon v Barber*, 99 Mich App 851, 856; 298 NW2d 866 (1980); *Ewing v Heathcott*, 348 Mich 250, 255; 83 NW2d 210 (1957). Put differently, an affirmative defense must be stated in sufficient factual detail to give the plaintiff fair notice of the defensive issues that the defendant will raise in the litigation.

---

[2] Even if it were true, as the majority says, that plaintiff's failure to file a written response has left us ill-equipped to address this issue, there is a simple solution: enter an order granting defendants' applications and require the parties to file briefs on this question. At least then, this case would be analogous to the one relied on by the majority. See *Wayne Co Employees Retirement Sys v Wayne Charter County*, 495 Mich 983 (2014) (granting leave to appeal after hearing oral argument on the application), cited *ante* at 17.

4

With this standard in mind, and turning to the affirmative defenses alleged in this case, defendant Organ Procurement Agency of Michigan's (OPA) Affirmative Defense No. 11 stated:

> 11.    Plaintiff failed to comply with the notice provisions of MCL 600.2912b; MSA 27A.2912b and that Plaintiff's action is thus barred; Defendant gives notice that it will move for summary disposition.

This defense certainly could have been more factually precise.[3]  However, I am persuaded that it was specific enough to satisfy the pleading standard of MCR 2.111(F)(3).  Affirmative Defense No. 11 alleged that plaintiff failed to comply with the "notice" provisions of § 2912b.  Generally speaking, there are two ways in which a plaintiff can fail to comply with the notice requirements of § 2912b: timing or content.  Here, it was clear that OPA was specifically referring to *timing* because, in the very next affirmative defense, OPA alleged a *content* deficiency.  Affirmative Defense No. 12 alleged, "Plaintiff's claims are barred for failing to provide adequate information in her Notice of Intent as required by MCL 600.2912b."  OPA's Affirmative Defense No. 11, when read in the context of the content-deficiency defense raised next, was sufficient to apprise plaintiff that the timing requirement of § 2912b was not satisfied and, thus, was sufficient to permit plaintiff to take a responsive position.  See *Hanon*, 99 Mich App at 856 ("The primary function of a pleading is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position.") (quotation

---

[3] For instance, in the companion case, *Furr v McLeod*, the *Furr* defendants alleged, "Plaintiffs failed to wait 182 days after serving their Notice of Intent before filing suit in contravention of MCL 600.2912b."

5

marks and citations omitted). I would, therefore, hold that OPA's affirmative defense was adequate under MCR 2.111(F)(3).[4]

In contrast to OPA's affirmative defense, the affirmative defense alleged by defendants Steven Cohn, M.D., and William Beaumont Hospital (collectively, the Beaumont defendants) was plainly inadequate. Their Affirmative Defense No. 4 stated:

> 4. If necessary, Defendants assert all of the benefits of the provisions set forth in Michigan's tort Reform Acts of 1986, 1993, and 1995 regarding non-economic caps, offsets, reduction to present value, offsets for collateral payments, such as insurance, social security, etc., and any other damage reduction deemed applicable by the Michigan Appellate Courts in interpretation of these statutes.

In alleging everything, the Beaumont defendants alleged nothing at all. See *Dacon v Transue*, 441 Mich 315, 330; 490 NW2d 369 (1992). Together, the four tort reform acts cited by the Beaumont defendants amended or added 90 statutory sections. See 1995 PA 249; 1995 PA 161; 1993 PA 78; 1986 PA 178. Global allegations like this do not provide reasonable notice to a plaintiff of how, why, or to what extent his or her cause of action is barred. It does not indicate the nature of the defense under MCL 600.2912b—indeed, it fails to mention the statute at all. Given this, it is virtually impossible for a plaintiff to take a responsive position to such a broad allegation as that set forth in Affirmative

---

[4] In coming to the opposite conclusion and opining that the affirmative defense "pertained to the notice *itself*, as distinct from the notice period," *Tyra*, 302 Mich App at 215, the Court of Appeals overlooked that OPA alleged a separate affirmative defense pertaining to the notice itself.

6

Defense No. 4.[5]  For this reason, the Beaumont defendant's affirmative defense was inadequate under MCR 2.111(F)(3) and should be deemed waived.

The Beaumont defendants argue that this Court should nevertheless affirm the trial court's grant of summary disposition in their favor because, under our decision in *Auslander*, they were not obligated to raise the affirmative defense in the first place.[6] Indeed, the Court of Appeals was poised to hold that defendants waived their affirmative defenses, but stopped short of reversing the trial court because it was bound by our order in *Auslander*.  Under no similar obligation to follow incorrectly decided cases from this Court, and seeing no basis in law or logic justifying *Auslander*, I would reject defendants' argument and overrule *Auslander*.

### III.  THE VALIDITY OF *AUSLANDER*

In *Auslander*, this Court held that medical malpractice defendants have no obligation to plead affirmative defenses in response to a complaint that failed to comply with statutory prerequisites.  Our decision consisted of adopting the unpublished Court of Appeals dissenting opinion, which stated in relevant part: "I conclude that defendants were never required to raise or plead their asserted defenses in the first instance because

---

[5] In fact, when asked at oral argument whether their affirmative defense was sufficient to put plaintiff on notice, counsel for the Beaumont defendants conceded, "no, it was not."

[6] Defendants also claim that the trial court granted a constructive amendment of their affirmative defenses.  However, as the Court of Appeals pointed out, there is no indication that the trial court or the parties believed that any such constructive amendment occurred.  *Tyra*, 302 Mich App at 217.  Accepting this argument under these circumstances would improperly usurp the trial court's discretionary authority to grant leave to amend a pleading "when justice so requires."  MCR 2.118(A)(2).

7

this medical malpractice action was never properly commenced." *Auslander v Chernick*, unpublished opinion per curiam of the Court of Appeals, issued May 1, 2007 (Docket No. 274079) (JANSEN, J., dissenting), p 1.

Any discussion of *Auslander* should begin with a description of what it actually is: an exception to the general rule. In Michigan, the general rule is that affirmative defenses must be raised in the responsive pleading or they are waived. MCR 2.111(F)(3) ("Affirmative defenses must be stated in a party's responsive pleading . . . ."); *Walters v Nadell*, 481 Mich 377, 389; 751 NW2d 431 (2008). An "affirmative defense" is a defense that does not refute the plaintiff's case on the merits, but which otherwise seeks to deny relief to the plaintiff for reasons unrelated to the plaintiff's prima facie case. See *Campbell v St John Hosp*, 434 Mich 608, 616; 455 NW2d 695 (1990). Asserting noncompliance with § 2912b—or any statutory precondition—does just that by alleging that the plaintiff is not entitled to relief based on his or her failure to comply with a procedural prerequisite. Therefore, this defense must be pleaded in a responsive pleading under the plain language of our court rules. MCR 2.111(F)(3).

*Auslander* stands for the broad proposition that if a complaint is ineffective at commencing the action, the defendant has no obligation to file affirmative defenses, or an answer for that matter. The legal basis for the *Auslander* exception was our holding in *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005), and other cases that a complaint filed in noncompliance with statutory prerequisites does not commence an action. *Auslander* (JANSEN, J., dissenting), unpub op at 1, citing *Scarsella v Pollak*, 461 Mich 547, 549-550; 607 NW2d 711 (2000) ("[T]he mere tendering of a complaint without the required affidavit of merit is insufficient to commence [a medical

8

malpractice] lawsuit.") (quotation marks and citation omitted). *Burton*'s holding dealt with a question of *substantive* law: what is the legal effect of filing a complaint in contravention of a statutory requirement? And as a matter of substantive law, *Burton*'s answer is not unsound: a complaint that violates the requirement in MCL 600.2912b(1) that "a person shall not commence an action" without complying with the notice-waiting period cannot, as a matter of law, commence the action.

*Auslander* extended *Burton*'s logic into the procedural realm on the assumption that, if an action is defective as a matter of substantive law, that necessarily relieves a defendant from its procedural obligations. The basic legal flaw of *Auslander* is that it conflates substantive rules of law with procedural rules for enforcing those substantive legal standards. Under *Auslander*'s circular reasoning, a defendant is relieved of its obligation to allege and establish that a complaint is legally deficient because the complaint is legally deficient.

Although an action may be subject to attack because it was not commenced in compliance with a statutory prerequisite, the consequences that might flow from the failure to comply with the prerequisite are not self-executing. Our decision in *Saffian v Simmons*, 477 Mich 8; 727 NW2d 132 (2007), recognized as much. In that case, the defendant failed to respond to the plaintiff's complaint, which was accompanied by a defective affidavit of merit. In moving to set aside a subsequent default judgment, the defendant argued that he could not be defaulted because, since the plaintiff's affidavit of merit was defective, he never had an obligation to respond to the complaint. We rejected this argument and its underlying premise that our statutes and court rules permit defendants to unilaterally determine whether a plaintiff's pleading is adequate. *Id*. at 13.

9

Instead, we said, "it is the court's province to determine the sufficiency of pleadings, not a defendant's." *Id.*, citing *Saffian v Simmons*, 267 Mich App 297, 312; 704 NW2d 722 (2005) (ZAHRA, P.J., concurring in part and dissenting in part).

The same reasoning should apply to the notice-waiting-period prerequisite of § 2912b, or any statutory precondition for that matter. A defendant might *think* a complaint filed before the 182-day mark has been filed prematurely, but that determination is ultimately a legal question that must be resolved by the trial judge.[7] In order to facilitate orderly resolution of these legal issues, our court rules require parties to answer complaints and assert applicable affirmative defenses. As we said in *Saffian*:

> [T]his more orderly process of honoring the presumption of the validity of pleadings, requiring an answer, and then allowing the defendant to challenge the affidavit reduces the chaotic uncertainty that allowing the defendant to decline to answer would introduce. [Also], this rule advances the efficient administration of justice because to allow defendants to nitpick plaintiffs' affidavits and, upon discovering an imperfection, to decline to answer surely leads, as it did here, to challenged default judgments and the hearings those entail. On the other hand, no such hearings are necessitated if the procedure is to require an answer and then a motion by the defendant to challenge the affidavit. This approach will conserve judicial resources and is advisable for that reason. [*Id*. at 14.][8]

---

[7] That determination is not always clear-cut given that plaintiffs may rightfully be able to file suit after 91 days or 154 days depending on the facts of the case. See MCL 600.2912b(3) and (8).

[8] I acknowledge that *Saffian*, arguably in dicta, distinguished between a *defective* affidavit of merit and *no* affidavit of merit. *Saffian*, 477 Mich at 13-14. I further acknowledge that, in rejecting the defendant's reliance on our decision in *Scarsella*, we said, "In *Scarsella*, we concluded that a medical malpractice complaint not accompanied by an affidavit of merit does not 'commence' a medical malpractice cause of action *and thus the defendant need not file an answer to preclude a default*." *Id*. at 13 (citation omitted; emphasis added). However, this was a misreading of our decision in *Scarsella*. We did not say in *Scarsella* that defendants were relieved of their obligation to file an

*Auslander*'s uncritical extension of *Burton*'s legal rule into the procedural realm failed to appreciate the difference between law and procedure. For example, the statute of limitations affirmative defense involves the legal determination that a complaint was filed outside a statutorily designated period of time for filing a complaint. MCL 600.5805(1) provides that "[a] person shall not bring or maintain an action . . . unless . . . the action is commenced within the periods of time prescribed by this section." The language of § 5805(1) and § 2912b(1) (and similar medical malpractice provisions) are materially identical—each prohibits a party from bringing an action unless certain conditions are satisfied. By *Auslander*'s logic, a complaint filed after the expiration of the statute of limitations is ineffective at "commencing" the action and, therefore, defendants should have no obligation to assert the statute of limitations affirmative defense at all. Yet, by court rule and caselaw, defendants are required to raise the statute of limitations defense in their first responsive pleading or else it is waived. See MCR 2.111(F)(3)(a); *Walters*, 481 Mich at 389.

---

answer. All that *Scarsella* held was that, as a substantive matter of law, failure to file a complaint along with an affidavit of merit does not "commence" an action or toll the running of the period of limitations. See *Scarsella*, 461 Mich at 549 ("We therefore conclude that, for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit.") (quotation marks and citation omitted). *Auslander*—which itself involved the failure to file an affidavit of merit—reflects an exacerbation of *Saffian*'s error. See *Auslander* (JANSEN, J., dissenting), unpub op at 1, citing *Scarsella*, 461 Mich at 549-550. Thus, to the extent *Auslander* is based on the same misreading of *Scarsella* that the *Saffian* Court committed, it is based on a misinterpretation of our caselaw.

By deviating from the accepted rule of requiring defendants to properly plead and prove legal defects in a plaintiff's filing, *Auslander* essentially elevates compliance with statutory prerequisites to the echelon of "lack of jurisdiction," a defense that is not subject to the raise-or-waive rule. And in this respect, *Auslander* is in tension with our decision 40 years ago that a similar notice-of-intent-to-sue requirement before filing suit was not jurisdictional. See *Lisee v Secretary of State*, 388 Mich 32, 41-42; 199 NW2d 188 (1972). Indeed, the Court of Appeals has held that "[the] [p]laintiff's failure in this particular case to comply with the notice requirement [of § 2912b] before commencing suit did not divest the circuit court of subject-matter jurisdiction." *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 708; 575 NW2d 68 (1997).

There is a fundamental tension between *Auslander* and the established rules that presuit notice requirements are not jurisdictional and that affirmative defenses must be pleaded or they are waived. This tension must be resolved in favor of the established rules, lest we invite the chaos that would ensue if *Auslander*'s rule were actually followed. As the Court of Appeals in *Saffian* put it:

> [T]o rule as defendant urges would create the opportunity for defendant to knowingly foster the running of the limitations period by ignoring a lawsuit and then simply bypass the default by attacking the affidavit of merit [or timeliness of the complaint], depriving plaintiff of the legitimate opportunity to cure a defect if attacked in an answer or affirmative defense. A defendant would suffer no adverse consequences if a postdefault attack on the affidavit [or complaint] were successful. In the meantime, a plaintiff's claim is laid to rest as the limitation period expires. [*Saffian*, 267 Mich App at 307.]

I would overrule *Auslander* as a wrongly decided, unnecessary incongruity in our law. As far as stare decisis goes, if "not all precedents are built alike," *McCormick v*

12

*Carrier*, 487 Mich 180, 277; 795 NW2d 517 (2010) (MARKMAN, J., dissenting), then *Auslander*'s foundation is weaker than most. It was an order entered without the benefit of briefing and argument; its reasoning consisted of adopting a short, unpublished dissenting opinion of the Court of Appeals; and the proposition it announced was unsupported by any citation of authority. Moreover, *Auslander* is a jurisprudential fish out of water, incompatible with the legal environment within which it exists, including: MCR 2.111(F)(3); MCR 2.603(A)(1); *Neal*, 226 Mich App at 708; *Lisee*, 388 Mich at 41-42; *Walters*, 481 Mich at 389; *Saffian*, 477 Mich at 13. It is a testament to its practical unworkability and lack of reliance interests that, despite *Auslander*'s purported authorization, defendants continue to follow our court rules and statutes by filing answers and affirmative defenses. See *Robinson v Detroit*, 462 Mich 439, 464; 613 NW2d 307 (2000) (stating that two relevant considerations under the doctrine of stare decisis are: "whether the decision at issue defies 'practical workability,' [and] whether reliance interests would work an undue hardship"). Furthermore, *Auslander* has been undermined by a 2010 amendment of MCR 2.112(L)(2)(a), requiring that "all challenges to a notice of intent to sue . . . be made by motion, filed pursuant to MCR 2.119, at the time the defendant files its first response to the complaint, whether by answer or motion[.]" See *Robinson*, 462 Mich at 464 (stating that another relevant consideration under the doctrine of stare decisis is "whether changes in the law or facts no longer justify the questioned decision"). A decision so contrary to the jurisprudential tide as *Auslander* can only hold on so long before it gives way to the undertow. Today the Court missed an opportunity to formally unmoor *Auslander* and give it the ceremonial burial at sea that it deserves.

## IV. CONCLUSION

In this case, I would craft a simple, yet symmetrical, rule of law: Plaintiffs will be strictly held to the statutory waiting-period requirement; so too, defendants will be required to put plaintiffs on notice of the factual basis of their affirmative defenses. In other words, I would hold defendants to the same standard we hold plaintiffs: compliance with their procedural obligations under our rules. Because I do not agree with the majority's decision to sidestep this issue, I respectfully dissent from Part III(B) of the majority opinion.[9]

David F. Viviano
Bridget M. McCormack
Richard H. Bernstein

---

[9] Specifically, I join the majority opinion in full as it relates to *Furr*. I also agree that the trial court correctly granted summary disposition in favor of Organ Procurement Agency. However, as it relates to the Beaumont defendants, I would affirm the Court of Appeals on alternative grounds and remand for further proceedings consistent with this opinion.